CAUSE No. 04-14-00033-CV
COMPANION CASE NO. DC-11-242, & DC-12-520
CONSOLIDATED

---

IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

---

OSBALDO A. SAENZ JUNIOR
Appellant & Cross-Appellee
VS.

OSBALDO A. SAENZ SENIOR, ESTELA G. SAENZ TRUST
THROUGH ITS TRUSTEE
ESTHER A. S. SALMON TRUSTEE
Appellee & Cross-Appellant

---

On appeal from the 229th Judicial District Court of Starr County, Texas
The Honorable Ana Lisa Garza, Judge Presiding

---

## APPELLANT'S BRIEF, CROSS-APPELLEE

| | |
|---|---|
| Appellant on Pro Se | Appellee's Attorney |
| Osbaldo A. Saenz Jr. | Margil Sanchez Jr. |
| (aka, osbaldo, Babe, Jr., ounce) | 208, N. Britton Ave. |
| P. O. Box 152 | Rio Grande City Texas 78582 |
| Rio Grande City, Texas 78582 | (956) 487 - 7575 Off. |
| (956) 438 - 4387 | (956) 487 - 8419 Fax |

PARTIAL
" ORAL ARGUMENT "
REQUESTED

Trial Court Defendant Party
Alferdo Tijerina at al
Attorney Lori P. Perez
200 W. Water St.
Rio Grande City, Texas 78582
(956) 488-0122 Off., Fax (956) 716-6448

U.S. POSTAGE
PAID
MCALLEN, TX
78501
JUN 13. 14
AMOUNT
$12.15
UNITED STATES
POSTAL SERVICE
1004
78205
00043869-03

# TABLE OF CONTENTS

TABLE OF CONTENTS ------------------------------------------------- I

INDEX OF AUTHORITIES ---------------------------------------- ii

STATUTES & TEXAS NOTARY RULES, & REGULATIONS
OF CIVIL PROCEDURE ----------------------------------------- III

STATEMENT OF THE CASE ----------------------------------- 1.

STATUTE OF LIMITATIONS, STATUTE OF FRAUDS, &
PERJURIES, INTRODUCTION CHAIN OF
TITLE ARGUMENT OF LAW ---------------------------------- 2.

INTRODUCTION OF THE CASE ------------------------------ 6.

THE STATEMENT REGARDING PARTIAL ORAL ARGUMENT- 8.

APPELLANT'S ISSUES ------------------------------------------ 9.

STATEMENT OF FACTS OBJECTING
THE SIGNED JUDGMENT------------------------------------- 12.

BACK GROUND OF THE CASE ------------------------------- 12.

STATEMENT OF FACTS AGGRAVATED PERJURY ---------------- 20.

THE AMENDING JUDGMENT WITHIN EVIDENCE -------------- 22.

UNDER LAYING FACTS ----------------------------------------- 23.

1ST ARGUMENT AND AUTHORITY, STANDARD FOR GRANT
THE AMENDING OF THE JUDGMENT ---------------------------- 29.

STATUTE OF LIMITATIONS, ESTOPEL BY DEEDS, ESTOPEL
BY LACHES ------------------------------------------------------- 29.

DECLARATIVE ARGUMENT OF SEVEN TRACTS WITHIN
DEED OF GIFT RESERVING LIFE & QUIT CLAIM ---------------- 37.

APPELLANT'S ARGUMENT ------------------------------------ 43.

PARTITION ----------------------------------------------------- 47.

THE FRIVOLOUS PORTION OF THE CASE ------------------------ 47.

1ST ACT OF AGGRAVATED PERJURY WITHIN APPELLEE'S
SWORN AFFIDAVIT ------------------------------------------- 49.

2ND ACT OF AGGRAVATED PERJURY WITHIN APPELLEE
SWORN AFFIDAVIT ------------------------------------------- 51.

PRAYER -------------------------------------------------------- 25

CERTIFICATE OF COMPLIANCE ------------------------------- 26

CERTIFICATE OF SERVICE ------------------------------------ 27

## INDEX OF AUTHORITIES

CASES:                                                                   PAGE

<u>Gibbs v. General Motors Corp., S.</u> S. Ct., 450 S. W. 2d 827;

<u>Nixon v. Mr. Property Management Co., Inc.</u> 690 S. W. 2b
546 (Tex. 1985). ----------------------------------------------------   19

<u>Cowden v. Bell,</u> 300 S. W. 2d 286 (Tex. 1957). -----------------   19

<u>Wilcox v. St. Mary's University of San Antonio,</u> 531 S. W 2d 589 (Tex.
1975). -------------------------------------------------------   19

<u>Swilley v. Hughes,</u> 488 S. W. 2d 64 (Tex. 1972). ----------------   19

<u>P.S. Atiyah,</u> an Introduction to Law of Contract
141(3d ed. 1981). --------------------------------------------------   19

<u>9A Charles Alan Wright & Arthur Miller,</u> Federal
Practice §2524, at 252-54 (2d ed. 1995). -------------------------   19

<u>Trinity River Auth. V. URS Consultant, Inc.,</u> 860 S. W. 2d
259, 262 (Tex. 1994); Liberty Mut. Fire Ins. Co. v. Richards,
810 S. W. 2d 232, 233 (Tex. App. --Houston [14th Dist.] 1991,
Writ denied), cert denied, 503 U. S. 1004; 112 S. Ct. 1756,
1759, 118 L. Ed 2d 423 (1992). -----------------------------------   19

<u>Snyder v. Eanes Independent School District,</u> 860 S. W. 2d
692,699 (Tex. App. -- Austin 1993, Writ Denied). -----------------   19

<u>Fields v. City of Texas City,</u> 864 S. W 2d 66, 68
(Tex. App. -- Houston [14th Dist.] 1993, writ denied);
<u>Moreno v. Sterling Drug,</u> 787 S. W. 2d 348, 351 (Tex. 1990). --   19

<u>Wise v. Anderson,</u> 163 Tex. 608,359 S. W. 2d 876 (Tex. 1962).--   19

<u>S. V. v R. V.,</u> 933 S. W. 2d 1,4 (Tex. 1996), (Exhibit "").  ----------   19

<u>Unchallenged Hand Writing Experts Findings,</u> (CR-0191-0202) ---   19

CHAPTER 23 of the Texas Property Code, and Rules 756 et seq.
Of the Texas Rules of Civil Procedure. ---------------------------------- 19

SECTION 37.009 OF THE Texas Civil Practice Code. -------------- 19

## STATUTES

**1. STATUTE BY LIMITATION**

**2. ESTOPEL BY DEED**

**3. ESTOPEL BY LACHES**

## "NOTARY PUBLIC RULES"

**STATE OF TEXAS, NOTARY PUBLIC RULES & REGULATIONS:**

**1. Notary's cannon of legal Ethics, Code Ann. §406.008**

**2. Black Law Dictionary "Seventh Edition"**

[A Treatise on the Law Relating to the Office and Duties of Notaries

Public § 1, at 1] (John F. Tyler & John J. Stephens eds., 2d ed, 1892)

**3. Notary Public,** [an Official known in nearly all civilized countries, and in

Modern times their more characteristic duty is to attest the genuineness

Of any deeds or writings, in order to render the same available as evidence

of the facts therein contained. "Benjamin F. Rex", *The Notaries' Manual*

*§ 1, at 1-2 (J. H. McMillan ed., 6th ed, 1913)*

**4. Moral Turpitude,** (an act of baseness, vileness, depravity in the privet

iii

contrary to the accepted and customary rule of right and duty between

people) **"50 Am. Jur. 2d Libel and Slander § 165, at 454 (1995)**

(see Appellee's Lis Pendens Notarization CR--0710-0713)

(see Appellee's Sworn Affidavit CR-0706-0709)


Texas Notary Public Duties and Practices

Question. May a Notary Public Notarize his/her own signature?

Answer.   No. A Notary can not Notarize his/her own signature.

Question. May a Notary Public Notarize his/her spouse's signature or my spouse's business?

Answer.   No.  There is no statute that addresses this question, but the general rule is that a Notary Public cannot perform a notarization on any document in which he/she is a party to the instrument or in which he/she has a personal or financially interest in the transaction.

Question; May a Notary Notarize for his/her relatives?

Answer;   There is no specific answer to this question in the state statutes; but the notary must determine if the Notary has any financial or beneficial interest in the transaction.


2. **Notary's cannon of legal Ethics notarial**  Notary's cannon of legal Ethics,

(see Appellee's Sworn Affidavit Notarization CR-0096)

(see Texas Notary Public Duties and Practices hereinabove)
iiii

**3.** Appellee's Trust Beneficiary's.

   A. Appellee Osbaldo A. Saenz Senior & Trust Agreement

   B. Trustee Esther A. S. Salmon corrected partial lis pendens notice.

   C. Homero A. Saenz Trust Beneficiary, Notary Eva. B. Saenz "Wife" involves community property. (see Appellant's Supplement Exhibit "9")

**4.** Notary's Marriage License. (" active") currently married & no divorce on record.

**5.** Appellee's knowledge of an existing Deed of Gift Reserving Life Estate Deed as stated in Appellee's Sworn Affidavit (CR-0055, CR-0096,DC-11-242), and Appellee's NOTICE OF LIS PENDENS.

**6.** Appellee's No Grounds and Baseless for a Law Suit, neither a Claim for Settlement. (see CR-0101-0103 JOINT MOTION FOR NON-SUIT)

IV

# THE STATEMENT OF THE CASE

Appellee's conspired fabricating a fraudulent Tool "lis pendens" (CR-0710-0713) filed 04/14/2008, for extorting money from Appellant and Appellant's property's utilizing a daughter in law as Appellee's Notary Public, whom has a community interest and benefit in the Notarized acts on both lis pendens, and Appellee's (CR-0706-0709)Sworn Affidavit filed 09/17/2009 mean while Courts barred, and entertained Appellant. On several occasions Appellee's thinking fraudulently created a Sworn Affidavit committing an aggravated perjury offence intending to cause a greater damage to Appellant and Appellant's properties. The deceiving false statements on Appelles's Sworn Affidavit, claimed Appellant forged Appellee's signatures on Deed of Gift Reserving Life Estate, that benefited Appellant as a remainder, whereof Appellant had purchase the property's by chain of title. While Appellee's lis pendens active on filed law suit, Appellee's take advantage selling Appellant's property's without the Trial Courts permission. These (CR-0640-0643) two disclosed of seven lots sold by Appellee's belonging to Appellant's (CR-0241 Through CR-0248) developed subdivision lots fueled Appellee's law suit and other costs (CR-

1.

0244, Lines 22) totaled $54,000.00 splitting (CR-0246, Lines1-10)$30,000.00 with Appellee and Appellee's Trustee $24,000.00. Appellee's switched Notary Public on Appellee's Sworn Affidavit covering their violation of Notary ethics (CR-0524-0526). Appellee's have damaged Appellant within their Frivolous Law Suit from the date filed 04/14/2008 to the present regularly preventing Appellant a yearly income earnings in the amount of $125,000.00 after expenses. Appellant seeks all of the Appellant's property's within Deed of Gift Reserving Life Estate Tracts 1 through 5 whereas judged erroneously

**STATUE OF LIMITATIONS**

**STATUE OF FRAUDS, AND PERJURIES**

**INTRODUCTION CHAIN OF TITLE, AND**

**ARGUMENT IN OPERATION OF LAW;**

**CONVEYANCE'S in Reversal Conveyance to Appellant by Appellee's, Conform with Deed of Gift Reserving Life (CR-0121-0123, DC-11-242 Third, & Fourth Tracts), whereof in operation of law by statue, and in a matter of law by application Appellee's have no Grounds nor Bases for a law suit nor such claim, whereas Judgment was ERRED see (CR-**

0652-0654) and amending of Judgment is needed in requirement of reconsideration that there is no Conveyance from Appellant to Appellee's, nor proven forgery as Appellee's Claim (see Appellee's admission ).

(CR-0049-0053, DC-12-520, "Warranty Deed" Grantor Severiano Daniel Saenz conveys onto Grantee Osbaldo A. Saenz Jr.), & (AS-Exhibit "12", & CR-0071-0072 DC-12-520 "Warranty Deed" Grantor Pablo Saenz Jr. conveys onto Grantee Osbaldo A. Saenz Jr.) & Conforms with Deed of Gift Reserving Life (CR-0121-0123, DC-11-242) Tract Five, & Deed of Gift Reserving Life (CR-0121-0123, DC-11-242), whereas all of Grantor's Osbaldo A. Saenz Sr. and Estela Garza Saenz rights, title and interest in and to Survey No. 80, Abstract 898, Starr County, Texas TRACT FIVE as Grantor's conveyed onto Grantee Osbaldo A. Saenz Jr., except of Grantor's Reserving their rights in Life, (CR-0172, DC-11-242) Appellee's Quit Claimed (CR-0172)their interest Confirm with Deed of Gift Reserving Life

**Tract One:**
Surface Warranty Deed - Grantor - Gilbert Ramey,

Grantee - Osbaldo A. Saenz Jr., conveyance lots 16, & 17, filed

3.        Document # 141562 Volume, 0568 Page 372

conforms with **Surface Warranty Deed** - (

conveyance lots 16, & 17 within Tract 2)

**Grantor** Osbaldo A. Saenz Jr.- **Grantee** Maria Estela Garza

Saenz Document # 172753 Vol. 0704, Page 406, **Conforms**

with **Reversed Conveyance** First Tract Deed of Gift Reserving

Life, **(CR-0121, DC- 11-242) Grantor's** Osbaldo A. Saenz Sr.

and Maria Estela Garza Saenz, **Grantee** Osbaldo A. Saenz Jr.,

Document 195456, Vol. 0799, Page 584.**(No Appellant**

**Conveyances, No Court Trial argument, nor Claim evidence**

**by Appellee's whereas JUDGMENT WAS ERRED and needs**

**Judgment amending in consideration as operation of matter**

**of law. see CR-0653-0654, DC-11-242)**

**Tract Two:**

**Surface Warranty Deed, Grantor** - Glen Ramey, **Grantee** -

Osbaldo A. Saenz Jr., conveyance lot # one (1) of Block four

(4), Santa Cruz No. 2, filed Document #146973, Vol. 0592, Page

378 **conforms** with **Surface Warranty Deed,**

(conveyance lots 1 block 4 of Santa Cruz No.

2 within Tract 1) **Grantor** - Osbaldo A. Saenz Jr., **Grantee** -

Maria Estela Garza Saenz, Document # 172753, Vol. 0704,

Page 406, **Conforms** with **Reverse Conveyance** First Tract

Deed of Gift Reserving Life, **(CR-0121, DC-11-242)**

**Grantor's** Osbaldo A. Saenz Sr., and Maria Estela Garza

Saenz, **Grantee** Osbaldo A. Saenz Jr., filed Document 195456,

Vol. 0799, Page0584. **(No Appellant Conveyances to**

**Appellee's, No Court Trial Argument, No Claim evidence by**

**Appellee's whereas JUDGMENT WAS ERRED and needs**

**Judgment amending in consideration as operation of matter**

**of law. See CR-0653-0654, DC-11-242)**

**Tract Three:**
   **Surface Warranty Deed, Grantor-** Glen Ramey, **Grantee-**

Osbaldo A. Saenz Jr., conveyance lot # Three (3) of Block Four

(4) of Santa Cruz No. 2, filed Document # 167726, Vol. 0682,

Page 446 **Conforms** with **Surface Warranty Deed.** Grantor -

Rosario Millan, Grantee - Osbaldo A Saenz Jr.

Document # 181410, Volume 0738, Page630

**Tract Four;** Grantor - Alicia Villareal, Grantee - Osbaldo A. Saenz

   Document # Volume Page

5.

**Tract Five;** Grantor - Severiano Saenz, Grantee - Osbaldo A. Saenz Jr.

(CR-0026, DC-12-520) Document # Volume Page638

**Tract Sixth;** Grantor - Osbaldo A. and Estela G. Saenz, Grantee - Osbaldo

A. Saenz Jr.

Document # 195456 Volume 0799Page 584

**Tract Seventh;** Grantor - Osbaldo A. and Estela G. Saenz, Grantee -

Osbaldo A. Saenz Jr. Document # 195456 Volume 0799, Page 584

Appellant had this document drawn for sufficient, and additional collateral

for his Bank Loan for his development in 1998, (CR-0133-0137), &

(CR-0138-0146).


## INTRODUCTION OF THE CASE

The Appellee's, and the Appellee's Attorney saw an opportunity to trespass

Title on Appellant's sole larger tracts numbers fifth, sixth, and seventh,

within Appellant's Deed of Gift Reserving Life Estate (see deed of gift

reserving life estate CR-0518--519). The Appellee's with an opportunity

to extort and trespass title on tracts numbers sixth, and seventh because

Appellee's Attorney conspired the opportunity the property needed to Quiet

6.

title on tracts six and seven due to the property being in the name of Osbaldo A. Saenz Inc. (see warranty deed "CR-0021")

as Grantee a non existing corporation, once Osbaldo A. Saenz Junior completed the purchase of this subject property (see letters evidence to Grantor "CR-0104-0111" & PAYMENTS CR-0203-0206, &CR-01770178 ) whereof requested to place the property in the corporation name with Appellant's intention to get incorporated thereafter (see LETTER & DATES"CR-0106" ).

Appellee's intent to commit fraud and fraud, fraudulently conveyed these same two subject tracts, sixth, and seventh, without being a member of the corporation, or incorporated, (see cash deed "CR-0119" to better his personal interest). At that same instincts Appellant Osbaldo A. Saenz Junior requests Appellee Osbaldo A. Saenz Senior return those subject property's to purchaser Appellant Osbaldo A. Saenz Junior including the other tracts Maria Estela G. Saenz had belonging to Saenz Junior being tracts one through seven and being accord in reserving the life into estate of Appelle's leaving a remainder the Appellant Osbaldo A. Saenz Junior  (see deed of gift reserving life estate "CR-0518-0519"). thereafter Appellant wishes to develop tracts sixth, and seventh in and out of Deed of Gift

7.

Reserving Life Estate (see letter "CR-0106" PROVISION iii), into residential and commercial lots. Appellant Osbaldo A. Saenz Junior, and Appellee's Osbaldo A. Saenz Senior and Maria Estela G. Saenz together sell and convey each lot within the developed phases of property whereas three (3) signatures truthfully conveyed the lots of the developed property whereof title insurance accepted the property so long as the three signatures were in record.

## STATEMENT REGARDING PARTIAL ORAL ARGUMENT

The partial not needed oral argument is as follows;

1. Deed of Gift Reserving Life (CR-0759-0761) is made of seven (7) tracts. In and out of seven (7) tracts within Deed of Gift Reserving Life, Tracts one (1) through five (5) are not needing oral argument whereof within a factual conveyance in operation of Law, whereof a liability was created consummating a chain of title.

2. Thereafter Quit Claimed (CR-0762) all of their interest to Appellant by the Appellee's for the exception of what is Reserved and Exception from conveyance in and out of tracts six (6) and seven (7) are included within the 8.

Quit Claimed and Quit Claim for the exception of what is that the reserved portion states that it is reserved from conveyance that RECORDED PLATS FIRST PHASE CONSISTS OF EIGHT POINT TWENTY (8.20) ACRES OF LAND, AND SECOND (2) PHASE CONSISTS OF NO MORE THAN THREE (3.0) ACRES OF LAND WHEREAS ERRONEOUSLY RESERVED FORM CONVEYANCE STATES THAT SECOND CONSISTS OF FIFTEEN ACRES, AND NEEDS THE CORRECTION OF THREE ACRES INSTEAD OF FIFTEEN ACRES RESERVED FROM CONVEYANCE.

The partial oral argument request is recommended for clarity helping this Court view understanding Appellee's frivolous law suit for the extort of money, in filing a fraudulent Lis Pendens (CR-0710-0713) supported by an aggravated false claim to sworn (CR-0706-0709), for the trespass to try title, committing a Larceny offence, clouding Appellant's titles. whereas Appellant is enforcing a matter of law Deed of Gift Reserving Life (CR-0121-0123) containing seven tracts of land.

## APPELLANT'S ISSUES

**Issue 1.** The trial court erred in characterizing the subject tract within Warranty Deed Reserving Life Estate, Document No. 195456(CR-0518-9.

0520), whereof within this document Warranty Deed Reserving Life Estate document No. 195456 are seven different types of tracts of land that were not in litigation nor litigated, and are different chain of title conveyances to Appellant Osbaldo A. Saenz Jr. through Appellant Saenz Junior's sole purchases, whereof all tracts within Warranty Deed Reserving Life Estate are junction within Quit Deed 238439 ("CR-0686") Appellee's signed, making all property tracts within Warranty Deed Reserving Life Estate through a signed Quit Claim Deed the solely Osbaldo A. Saenz Jr. sole and separate property's. **(see below Deed of Gift Reserving Life Property Tracts Arguments)**

**Issue 2.** The trial court plainly erred in recognizing no characterizing the production of evidence to ownership from Cross Appellant's was ever produced to render judgment, and therefore makes Appellant Osbaldo A. Saenz Jr. the sole owner of all tracts of land within the Warranty Deed Reserving Life Estate document No. 195456.

**Issue 3.** The trial court plainly erred in characterizing Cross Appellant's failure and continue to fail to challenge the Warranty Deed Reserving Life Estate document 195456, and Quit Claim Deed 238439 signatures being genuine contradicting Appellee's claim within Lis Pendens, whereas all

10.

property's within Warranty Deed Reserving Life Estate document No. 195456 continue to retain Osbaldo A. Saenz Junior as a remainder, and continuing to consummate Osbaldo A. Saenz Jr. as the sole and separate owner of all tracts within Warranty Deed Reserving Life Estate document No. 195456, through Quit Claim Deed document No. 238439, of what has been quit claimed by the unchallenged genuine endorsers. (see hand writing experts findings (CR-0193 prior Judgment).

**Issue 4.** The trial court plainly erred to recognized that Cross Appellant's have no Grounds nor Bases for this law suit claim whereas operation, and a matter of law whereof Cross Appellant's are barred by estoppel by Laches, and barred by estoppel by Deed, after the statue of limitation exhausted by Cross Appellant's own recognition and knowledge cohabiting the owner Osbaldo A. Saenz Jr., estoppel by contract (see bank loan deed of trust documents, "CR-0154-0160"&CR-0133-0137 bank did not respect incorporation and adopted deed as is)

**Issue 5.** Cross Appellant's drawn Settlement Agreement was the only way to consummate the gain of Appellant's property without proving either kind of ownership evidence, whereof bar Cross Appellant's inability to Settle without Grounds nor Bases to such claim, continuing being Osbaldo A.

11.

Saenz Jr. sole and separate property.

**Issue 6.** Trial Court plainly erred failing to enforce compelling 3 sets of Appellee's discovery interrogatory's, productions, and admissions requested by Appellant's. All property's belong to Appellant Osbaldo A. Saenz Jr. assumption in default Judgment against Cross Appellant's.

**Issue 7.** The trial court abused Appellant and plainly erred its discretion in rendering Judgment thereafter hearing Appellant's argument, and seeing Appellant's written plea not being in accord with Appellee's agreement.

## THE STATEMENT OF FACTS OBJECTING
## The SIGNED JUDGMENT

Appellant Osbaldo A. Saenz Jr. challenged Appellee's Osbaldo A. Saenz Sr., Maria Estela G. Saenz Trust, and through its Trustee Esther A. S. Salmon's version to avoid the possibility that their false, deceiving, version would be accepted as true, Appellee's turning unsuccessful if would have challenged all of recorded factual Appellants Trial Court Exhibits.

## BACK GROUND OF THE CASE

**(A.) Clearly specifies the difference between Appellant also known as (aka) Ounce, and Appellee as Ounce Sr. (CR-0106, 5th paragraph I have** not spoken to Ounce in some time but it was my impression, through either

12.

talking to Estella "Appellant's mother", or to Ounce Sr. "Appellant's Father")(**CR-0106, 1st paragraph,** I enclosed a proposed deed to your property to be signed by you and Estella ["Seller's] which you and Ounce have been working on for these past 2 or 3 years.)

**(B.)** On or about April 1995, Appellant upon entering an agreement to purchase Share 8-D, & 31-A (CR-0104-0105 see letter addressed to Alfeerdo S. Tijerina, reference Proposed Sale to Osbaldo A. Saenz Junior) from Alfredo S. Tijerina as the Seller, [The Sixth & Seventh Tract within Deed of Gift Reserving Life Estate (CR-0626-0628)] Appellant employed Attorney John A. Pope III (CR-0104-0105, indicates the payment pattern for the purchase of Shares 8-D & 31-A, and CR-0106, last paragraph, "Be that as it may, if the purchase money has been paid in full you can sign the documents (CR-0021-0022) and deliver it to either Ounce Sr., Ounce, Jr., or return to me", is referenced to **CR-0203,** ck# $20,627.00, & **CR-0177-0178,**ck #082069, & ck# 1216, & **CR-0204-0206,** ck#109964, 112265, & 1037 Seller continued claiming interest after the purchase whereas proof paid by Appellant) from the commencing of Appellant's purchase Share 8-D & 31-A, up to the completion (CR-0106, 5th paragraph, I have not spoken to

13.

Ounce in some time but it was my impression, through either talking to Estella, or to Ounce Sr., that a good part, if not all of the purchase money had been paid. I do not know if this is correct nor what amount was paid. I do not need to know what arrangements you and Ounce Jr., had but I want to caution you caution you that this document covers all of the property.) of the purchase for the purposes of a proposed subdivision property described hereinabove (CR-0106, provision iii, I understand that Ounce wants to build a subdivision and there are very treacherous requirements on drilling within a subdivision;).**(CR-0108-0110,** Atty. For Appellant writes giving notice to

Appellant of Atty. Withdrawal and financially bills Appellant for documentation services for purchasing Share 8-D, & 31-A, as noted on CR-0109, partition deed, incorporation preparation, and deed of trust and note totaling $1,200.00 as noted CR-0111, receipt #1189 )

## STATEMENT OF FACTS

## AGGRAVATED PERJURY:

**1. (CR-0706, AFFIDAVIT OF OSBALDO A. SAENZ SENIOR)**

Appellee Osbaldo A. Saenz Senior, collectively "Appellee", has perjured himself making sworn false statements and is considered aggravated

14.

whereof knowingly and intentionally committed additional crimes for the extort money from Appellant's properties as proven as follows;

A. Document (CR-0706) Affidavit of Osbaldo A. Saenz Senior is sworn before his Daughter in Law the Nnotary Public of record whom has a community benefit and interest in the properties involved especially within Deed of Gift to Trust whereof Appellee fraudulently conveyed Appellants property's into the Osbaldo A. Saenz Senior, and Maria Estela G. Saenz Trust.

B. (CR-0707, Third Paragraph) First I attest that it was impossible Maria Magdalena Pena and for Ana Delia Guerra to have witnessed and notarized our signatures to the above described Deed Reserving Life Estate(CR-0759-0761) and Quit Claim Deed (CR-0762) for the simple reason that my wife and myself never signed these two instruments. Deed of Gift Reserving Life Estate (CR-0759-0761) Appellee's Genuine signatures is supported by;

1.(CR-0218, Lines 2-7)L2.Q. Your mother is , she's particularly ill, isn't 14she? L3.A. she is. L4. Q. and does her memory come and go? L5. A. I want to say that it's mostly gone. L6 Q. Okay. L7. A. I'm with her --.

2.(CR-0218, Lines 17-25) L17.Q. Do you feel like that he needs your

15.

assistance? A. Yes. Definitely. Q. have you noticed any changes in his memory? A. Yes. He has early signs of dementia. Q. what do you mean when you say "early signs of dementia"? What have you noticed? A. Forgetfulness, very forgetfulness. He tends to repeat the same thing over and over. Q. Okay.

3. (CR-0220, Lines 15-24) Q. when did you first start noticing signs. Several years ago or? A. No. Wall, yes, several years ago. Q. Okay. A. but it just worse within the past two years. [**2008 year the time Appellee's filed their lis pendens & law suit**] Q. Okay. And you are the, person that's actually bringing this law suit. You're the one that's ordered the attorney to file the law suit, is that right? A. Through them, yes. [**Appellee's do not have the mental capacity to support their allegations**]

4. (CR-0221, Lines 9-22) Q. were you there at any time when any documents were forged? Were you present at the forging of any documents? A. No. Q. Were you present at the execution of any documents that were not forgeries? A. No. Mr. Sanchez. Listen the question. Were you present at the signing, execution of any document that were not, where their signatures were not forged. In other words, did you witness

16.

them signing documents themselves? L19. The witness: No. L20. **Q.** No. Any documents, any deeds or anything. L22.**A.** The Witness: No.

5. (CR- 0186-0188) Notary Public Maria Magdalena Pena Affidavit never was challenge by Appellee's as Appellee's Alleged in Sworn Affidavit (CR-0707 third paragraph).

6. (CR-0161-0165) Notary Public Sonia M. Pena Affidavit never was challenged by Appellee's nor deposed, interrogated, questioned, as Appellee's state within Appellee's Sworn Affidavit (CR-0708, referenced to first, & third paragraph deed conveyance to Dora Alicia Garcia).

7. (CR-0708, 2ND Paragraph Appellee Saenz Senior states that, " since I recognize my wife's signature from hacing seen her sign her name manuu times, I attest tht the signature shown on this deed [(referencing Dora Alicia Garcia as exhibit No. 1 as stated CR--708 first paragraph)] is not my wife's signature" see (CR-0320, lines 16-25) L16. A. We've been married 58. L17. Q. And you know her really well. L18. A. Yes. L19.Q. Have you had to see her signature on many times? L20. A. Well, we've done everything together. L21. Q. So you have seen her -- L22. A. Yes. L23.Q. -- signature over-and-over again? L24. A. Uh huh. L25. Q. Have you seen it often enough that you can recognize (CR-0321,lines1-3) L1. her signature when you see it? L2. A. 17.

I might. I'm not sure. L3.Q. okay. (CR-0321, lines 9-16) [referencing her signature on deed as exhibit #2,CR-0366-0368 and attached in CR-0292] L9. Q. Do you recognize the second signature? L10. A. I, I would say that's pretty close, but. L11. Q. Is it fair to say that might be your wife and it might not be, you don't know? L13. A. Yes. L14. Q. I'm sorry? L15. A. I'm gonna say yes. L16. Q. okay. (CR-0324, lines 2-16) L2. Q. okay, My question, Mr. Saenz, is not necessarily about these documents, but when you signed your signature to a document, do you first look and see what it is before you sign it? L6.A. No, sir. L7. Q. Is it your habit to sign documents without knowing what they are? L9. A. Well, we were, it was that we were told that we were

there to sign. L11. Q. Mr. Saenz, I'm talking about just all of your life, not just these, all of your life, I'm trying to find out if you read before you sign or if you just sign you signature when you're told to or somewhere between. L15. A. I hardly read them, (CR-0325, lines 1-16) L1. Q. you would sign whatever somebody -- L2. A. Yeah. L3. Q. -- that you trusted told you sigh? L4. A. yes. L5. Q. is that what you're saying? L6. A. that's the way I've done it. L7. Q. ohay. But you could read them if you wanted --

L8. A. oh, yes. L9. Q. -- just like you did just a minute ago? L10. A. Right. L11. Q. Because you understand English very well. L12. A. I understand, 18

yes, sir. L13. Q. you understand it very well. You understood the documents a moment ago, right? Yes? L15. A. I'm a little confused about this year, but I understand.

7. (CR-0218, lines 15-24) L15.Q. and you help your father as well? L16 A. Yes. L17. Q. Do you feel like that he needs your assistance? L18. A. Yes, definitely. L19. Q. Have you noticed an changes in his memory? L20.A. Yes. He has early signs of dementia. L21. Q. What do you mean when you say "early signs of dementia"? what have you noticed? L23. A. Forgetfulness, very forgetfulness. He tends to repeat the same thing over and over. (CR-0323, lines5-10)[Appellee's loss of memory] L5. And I

noticed that you were reading every one of these documents very carefully when they presented to you a moment ago. Do you remember that? L8.A. Reading them? L9. Q. Yes. L10. A. No.

8. (CR-0228, Lines 5-25) L5. Q. Do you have any other evidence that indicates there's been any forgeries involved in this matter of any kind? L7. A. No. L8. Q. Have you heard anything from any body that tells you there's been forgeries? L13. A. No. L14. Q. is it fair to say that in your lawsuit that you brought that , that you have alleged that there have been at least two documents that have been forged? Is that right? L17. A. rephrase that. L18. 19.

Q. in the lawsuit that you're bringing against your brother. L20. A. Uh-huh. L21. Q. You have alleged that at least of those documents are forgeries, right? L23. A. Yes. L24. Q. the only evidence that, that you have that they are forgeries sounds like that it's the word of your parents. (CR-0229, lines 1-4) L1. A. uh-huh. L2. And, and some circumstances that you consider suspicious . L4.A. Uh-huh.

9. (CR-0191-0202, **unchallenged** questioned documents Q1. Deed of Gift Reserving Life Estate, & Q2. Quit Claim Deed)(CR-0193, Findings and Observations Supporting Opinion) There are no obvious signs of forgery observed such as hesitation, unnatural pen lifts, patching, tremor,

uncertainty of movement, or a stilted, drawn look to the writing line that did not occur in the known signatures. The questioned documents shown in natural variation, natural qualities and characteristics to the signatures. In addition, there were no unexplainable differences between the questioned and known writings.

## SUMMARY OF THE ARGUMENT

1. OSBALDO A. SAENZ JR. collectively, ("Appellant") whereof within all State Trial Court causes as "Defendant, Intervenor", and currently

20.

"Appellant" Develops [real estate in Starr County, Texas.(CR-0155-0016 Appellant borrowing and paid developing of funds, first phase)(CR-0154 borrowing and paid development funds for second phase)

2. Osbaldo A. Saenz Senior, and Esther A. S. Salmon Trustee of the Osbaldo A. Saenz Senior and wife Maria Estela G. Saenz Trust, in need of a FRAUDULENT TOOL for extortion of Federal, and State Government funds through and thereby Government Benefits, as well as in first commencing defrauding APPELLANT and thereafter, the Beneficiary's of the Osbaldo A. Saenz Senior, and Maria Estela G. Saenz Trust, whereas in State Trial Court as "Plaintiff's" collectively "Appellee's", have sued "Defendant Tijerina" thereafter first suing Appellant and filing NON-SUIT (CR--0101-0103) whereof this law suit originated Appellee's were unsuccessfully of the inability of being granted Judgment in favor (Plaintiff's) Collectively & Currently "Appellee's" within the Honorable of the 381st State judicial Court, Starr County, Texas.

3. Appellee's upon originating this law suit, Appellee's, Appellee's Trustee, Appellee's Attorney, and Appellee's Daughter in Law The Notary Public within Appellee's Sworn Affidavit(CR-0093-0096,CR-0632-0635,& 0524-0526), and Appellee's Lis Pendens(CR-0270,&, CR-0636-0639), conspired

21.

the law suit and implemented such law suit that would be enforceable in court but not voided that would carry this law suit to the end.

4. Appellee's have filed a frivolous law suit against Appellant to set aside a certain conveyances and recover funds allegedly converted from a checking account.

5. Appellant had filed an answer seeking to clear cloud on the title Deed of Gift Reserving Life of his real property at issue within Appellee's Lis Pendens based on the genuine execution of the conveyances in question. Appellant has been commercially developing the Property (CR-0155-0160, & CR-0154-0155), and seeks to obtain clear title and to recover damages for losses incurred by Appellee's actions in intentionally creating such cloud.

6. Appellant seeking judgment amendment dismissing Appellee's claims as Time barred, whereas Appellee's only production in false stating scintilla hoping the rule would apply to prevent judgment favoring Appellant.

## AMENDING JUDGMENT WITHIN EVIDENCE

7. Appellant had relied on Summary Judgment Evidence upon:

A. The Deed of Gift filed of record in the Real Property Records of Starr County, Texas, a property authenticated original of which is and incorporated fully as (CR-0041, & CR-0518-0520).

22.

**B.** Quit Claim Deed filed for record in the Real Property Records of Starr County, Texas, a property authenticated original of which is in referenced and incorporated fully as (CR-0522)

**C.** The Warranty Deed of Dora Alicia Garcia Conveyance (CR-0161-0163),& same as (CR-0528-0530), &(CR-0532-0534)

**D.** Warranty Deed (CR-0147-0150) conveyance Appellant Osbaldo A. Saenz Jr., to Paul C. Looney.

**E.** Correction Special Warranty Deed (CR-0151-0153) conveyance from Paul C. Looney, to Appellant Osbaldo A. Saenz Jr.

**F.** The Hand writing expert findings & opinion Deed of Gift Reserving Life, Notarized by Ana Delia Guerra (CR-0193)

**G.** The Affidavit of Maria M. Pena(CR-0186-0189)

**H.** The logging, and Affidavit of Sonia M. Pena (CR-0164-0165)

**I.** Notarization by Notary Public Maria Linda Salmon Appellee's Attorney's sister. (CR-0147-0150)

### UNDER LAYING FACTS

**8.** Appellant Osbaldo A. Saenz Jr. is the owner of numerous parcels of real property in Starr County, Texas.

Appellee's Osbaldo A. Saenz Senior and Maria Estela G. Saenz conveyed all 23.

of their right, title, and interest in seven parcels of land to Appellant Osbaldo A. Saenz Junior by Deed of Gift dated February 01, 1998.(CR-0518-0520)

9. The Deed of Gift reserves a life estate in the Property, (CR-0121-0123), (CR-0138-0146 Title policy schedule "A" CR-0140), & (CR-0349, page 57, line 1-25, &CR-0350, page 58 lines 1-25)

10. On February 01, 1998 Appellee Osbaldo A. Saenz Senior, and Maria Estela G. Saenz appeared before Anna Delia Guerra, an individual then qualified, bonded and serving as a Notary Public in and for the State of Texas. (CR-0328, page 36 lines 22-25 Q. Do you know why would be a notary swearing that it was your signature if, if you did not sign it?

A. Well, I guess that's the law when you sign a paper, there's a notary to verify that you signed that paper., CR-0329, page 37, lines 1-8, Q. what does a notary do to make sure it's you? A. They Stamp it. Q. Have they ever asked you for your driver's license to make sure it's you? A. They never Asked me for a driver's license. Q. They just know you? A. Yes, sir.)

11. Appellee's personally signed "CR-0138-0146", & "CR-0626-0628" Deed of Gift Reserving Life in Ana Delia Guerra's presence.(CR-0191 questioned documents, CR-0193-Findings and observations supporting

24.

opinion)(CR-0328, page 36 lines 22-25)

12.Notary Public Ana Delia Guerra has witnessed and took the acknowledgment of Appellee's execution of (CR-0626-0628) Deed of Gift Reserving Life (CR-0328, page 36, lines 22-25 I guess that's the law when you sign a paper, there's a notary to verify that you signed that paper).

13. Notary Public Ana Delia Guerra has identified the document, execution of which she acknowledged on February 01, 1998.(CR-0028-0030, DC-12-520)

14. Appellant Osbaldo A. Saenz Junior recorded (CR-0626-0628) Deed of Gift Reserving Life in the real property records of Starr County at Volume 0799, Pages 584-586, bearing a filing date stamp of February 24, 1998.

15. Within (CR-0626-0628) Deed of Gift Reserving Life, Appellant Osbaldo A. Saenz Junior began to develop and market portions of the two largest tracts of land, being Tract six (6), and seven (7), which comprise approximately ninety (90) acres for his own benefit as well as those of the Appellee's. Appellant Osbaldo A. Saenz Junior sold tracts of the property for a profit, which he shared with the Appellee's.

16. The (CR-0626-0628) Deed of Gift Reserving Life retained a beneficial life interest in the Property in Appellee's. (CR-0138-0146, 25.

Schedule "A" lines 1&3)

17. Closing of each sale required Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saaenz to sign each Deed. The process was cumbersome and caused delays. (CR-0173-0176 Deed to Alejo Clarke), &(CR-0528-0530, Deed to Dora Alicia Garcia)

18. On May 20, 2004, Maria M. Pena was duly qualified, commissioned and bonded to serve as a Notary Public in and for the State of Texas, and was so serving. She personally witnessed and took the acknowledgment of Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saenz execution of the Quit Claim Deed dated May 20, 2004, that is the subject of the litigation identified in the style DC-11-242.(CR-0629)

19. At the time of Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saenz appearance for the execution of (CR-0629) Quit Claim Deed, Appellee's signed Texas Notary Public Journal.(CR-0186-0187)

20. Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saenz signed the document (CR-0629) Quit Claim Deed in the presences of Notary Public Maria M. Pena.

21. Notary Public Maria M. Pena has been presented with a photocopy of the Quit Claim Deed and Affirmed that the Signatures purports to be hers 26.

and of the Appellee's, in genuine and accurate. (CR-0629 Quit Claim Deed),(CR-0191, Q2-QUIT CLAIM DEED dated 05-20-2004 unchallenged hand writing expert findings and observations supporting opinion "CR-0193"), & (CR-0328 page 36, lines 22-25, page 37, lines 10-25 Appellee's deposition).

22. Upon the occurrence of Appellee's signatures on the litigated subject (CR-193, findings and observations supporting opinion) Quit Claim Deed, the document was filed for record by the appellant as noted date 05-21-2004.

23. On May 29, 2006, Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saenz executed The Osbaldo A. Saenz Senior, and Maria Estela G. Saenz Trust Agreement. (the "Trust")

24. Appellee's filed suit claiming that the (CR-0626-628) Deed of Gift Reserving Life and Quit Claim Deed are not valid due to forgery.

A. (CR-0193 findings and observations supporting opinion)

B. (CR-0340, Page 48, lines 1-25,Q. in all of his life has anybody ever reported to you that Mr. Saenz, Junior asked a notary to do something untruthful?, "CR-0341" line 1, A. No.), (CR-0341, page 49, lines 1-25 line 13-17, Q. Can you tell this jury even one time that he was not truthful about 27.

somebody's signature? **A.** one time., **Q.** Even one time., **A.** Well, no, I can't, I can't do that, no, sir.),(CR-0193 findings and observations supporting opinion)

**C.** (CR-0218, page 9, lines 15-25, line21, **Q.** What do you mean when you say "early signs of dementia"? what have you noticed?, line 23**A.** Forgetfulness, very forgetfulness. He tends to repeat the same thing over and over.)(CR-0219, page 10, lines 1-25, lines 12-15, **Q.** Do you find that he sometimes remembers things from 40 years ago, but maybe he has trouble remembering something from two years ago?, **A.** Correct. Line 25, and the doctors told you what?, CR-0220, page 11, lines 1-25, line 1, **A.** That, that he is, his age, one. lines15-25, **Q.** when did you first start noticing signs,

several years ago or?, **A.** No. Well, yes, several years ago.)(CR-0221, page 12, lines 1-25, lines 6-14, **Q.** The, the lawsuit alleges that there have been some forgeries. Are you familiar with that?, **A.** Yes., **Q.** were you there at any time when any documents were forged? Were you present at the forging of any documents?, **A.** No., **Q.** Were you present at the execution of any documents that were not forgeries?, **A.** No.)

28.

## 1st ARGUMENT AND AUTHORITY

### Standard for Granting the Amending Judgment

**25.** To prevail at amending judgment, Appellant has the burden of showing there is no genuine issue of material fact and that Appellant is entitled to the amendment of judgment as a matter of law. *Gibbs v. General Motors Corp. S. Ct., 450 S. W. 2d 827; Nixon v. Mr. Property Management Co. Inc. 690 S. W. 2d 546 (Tex. 1985).* In deciding whether or not there is a disputed material fact issue precluding amending judgment, evidence favorable to the nonmoving will be taken as true. *Coeden v. Bell, 300 S. W. 2d 286 (Tex. 1957).*

**26.** Every Reasonable inference must be indulged in favor of non-movants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio, 531 S. W. 2d 589 (Tex. 1975).* When an Appellant moves for amendment of judgment on the basis of an affirmative defense, as here Appellant must conclusively prove all essential elements of that defense. *Swilley v. Hughes, 488 S. W. 2d 64 (Tex. 1972).*

### STATUTE OF LIMITATIONS, ESTOPEL BY DEED, ESTOPEL BY LACHES

**Appellee's Are Time Barred from Asserting that the Deed of Gift and**

**29.**

**Quit Claim Deeds Are Fraudulent**

27. Appellant is entitled to the amending the judgment and that Appellee's take nothing by this suit because Appellant Osbaldo A. Saenz Junior has pleaded and established by amendment judgment evidence each element of the affirmative defense of limitations, barring any recovery by Appellee's on the cause of action.

28. For limitations purposes, a cause of action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if resulting damages has not yet occurred. *Trinity River Auth, v. urs Consultants, Inc. 889 S. W. 2d 259, 262 (Tex. 1994); Liberty Mut. Fire Ins. Co. v. Richards, 810 S. W. 2d 232, 233 (Tex. App.-Houston [14th Dist.] 1991, writ denied). Cert denied, 503 U.S. 1004; 112 S. Ct. 1759, 118 L. Ed. 2d 423 (1992).*

29. With regard to tort actions, generally, the limitations period begins to run at the time the duty owed was breached. *Snyder v. Eanes Independent School District, 860 S. W. 2d 692, 699 (Tex. App.- Austin 1993, writ denied)*

30. A party's ignorance of material facts of lack of knowledge will ot generally prevent the statute of limitations from running. In the determination of when a cause of action accures is a question of law for the

30.

court. *Fields v. City of Texas City, 864 S. W. 2d 66, 68 (Tex. App.-Houston [14th Dist.] 1993, writ denied) Moreno v. Sterling Drug, 787 S. W. 2d 348, 351 (Tex. 1990).* The legal injury in the instant case occurred when the allegedly forged deed was signed.

**31.** Texas Courts have not invariably ignored the inability to know of the existence of the cause of action in determining when such cause of action accrues. For example, a cause of action based on actionable fraud accrues when the fraud is discovered, or by the exercise of reasonable diligence should have been discovered. *Wise v. Anderson, 163 Tex. 608, 359 S. W. 2d 876 (Tex. 1962).*

**32.** In still other instances, Texas courts have declined to find the limitations bar inapplicable through the Appellee's admittedly knew nothing... [CR-0355, page 63, lines 8-12 **Q.** Do you have any ; do you have knowledge of any legal documents anywhere in this world that Mr. Saenz, Junior has caused to be signed untruthfully? **A.** Well, like I said, that life estate I never was aware of that.] about the cause of action until shortly before the institution of his action. In reaching this result they were not unaware of the individual injustice to the Appellee's but presumably that, on balance, the need for repose counterbalance damage to the individual. *S. V. v. R. V., 933* 31.

*S. W. 2d 1,4 (Tex. 1996).*

**Appellee's Claims Arising in Fraud Are Governed by a Four Year Statue of Limitations**

**33.** Appellee's Original Petition Claims that the signatures on the (CR-0759-0761) 1998 Deed of Gift, and the (CR-0762) 2004 Quit Claim Deed are [(CR-0094) 3RD Paragraph, The signatures of my wife's name and of my name on these two instruments were forged by someone,] forged and were actually made by assertion to show that the deeds are absolutely void and not Subject to the four-year statute of limitation (CR-0653-0654, 2ND Paragraph, The Court holds. Decrees an rules that the Deed Reserving Life Estate recorded at Vol. 0799, pages 584-586, and also the Quitclaim Deed recorded at Vol. 1002, pages 733, of the Deed Records of the Office of the County Clerk of Starr County, Texas, are null and void and further, that these two cancelled instruments will not be considered as being part of the chain of title to any of the lands mentioned or described in these two revoked instruments).

**34.** On all State Trial Court hearings, Appellee's, and Appellants have each filed for Summary Judgment which evident numerously and have shown that each case the notary public who acknowledged the signatures attests 32.

that Appellee's Osbaldo A. Saenz Senior and Maria Estela G. Saenz personally appeared and executed the documents in question.

**35.** The evidence set out above establishes the affirmative defense in that Plaintiffs failed to file and perfect their claims within the four-year statue of limitations which would be the longest limitations period based on any other legal theory arising from a defect in the execution of the deeds in question. Since the evidence establishes that Appellee's did sign the documents, the only legal theory which would permit them to avoid the deeds is that they were tricked into signing the documents.

**36.** Appellant is entitled to the Amending of the Judgment against the Appellee's Claim that they did not sign either the Deed of Gift Reserving Life dated February 01,1998, or the Quit Claim Deed dated May 20, 2004, because APPELLEE'S FAILED TO ASSERT SUCH CLAIM IN A TIMELY MANNER.

**37.** Appellee's seek to recover clear title to real estate based upon the claim that they din not sign the two documents that show on their face that they were duly attested before notary publics and timely filed of record.

**38.**The (CR-0626-0628) Deed of Gift Reserving Life is Dated February01, 1998. Bears a filed stamp dated February 24, 1998.

**33.**

**39.** The (CR-0629) Quit Claim Deed is Dated, May 20, 2004. Bears a filed stamp dated May 21, 2004.

**40.** The Appellee's filed their law suit on April 08, 2008. Although Appellant is Appellee's son, they took no steps to serve him with process.

**41.** Appellant appeared in the suit by attorney of record following the entry of prospective intervenors in the state law suit, and without ever feceiving service of Appellee's suit. Appellant entered his appearance on October02, 2008.

**42.** A cause of action for fraud is subject to the four-year statute of limitations. Section 16.004 of the Civil Practices & Remedies code provides in pertinent part:

> FOUR-YEAR LIMITATIONS PERIOD. (a) a person must bring suit on the following actions not later than four years after the day the cause of action accrues... (4) fraud.

**43.** As a general rule, the limitations period begins to run when a cause action accrues. **Athins v. Crossland, 417 S. W. 2d 150, 152 (Tex. 1967).** In the case of actionable fraud, however, limitation begins to run when the fraud is discovered or from the time the might have been discovered through the exercise of reasonable diligence. **Gaddis v. Smith, 417 S. E. 2d 577, 579 (Tex. 1967).**

**34.**

**44.** A person is charged with constructive knowledge of the actual knowledge that could have ben disclosed by examination of the public records. When examination of public records will disclose evidence of fraud, the Texas Supreme Court has held limitations wil begin ti run from the date of filing after which the fraud could have been discovered by the exercise of reasonable diligence. **Mooney v. Harlin, 622 S. W. 2d 83,85 (Tex. 1981.)** Constructive notice creates and irrefutable presumption of actual notice. **University State Bank v. Gifford-Hill Concrete Corp., 431 S. W. 2d 561, 570 (Tex. Civ. App.- Fort Worth 1068,n. r. e.).**

**45.** The Austin Court of Appeals pointed out that the constructive notice extends to facts reflected on the face of the document. Here, Appellee's claim that they did not sign the Quit Claim Deed that conveyed the retained life estate to Appellant. This is a fact clearly reflected in the face of the

Deed. Movant has met his burden at **[CR-0011-0031,DC-12-520]** on or before order of dismissal of intervener's claims with **(CR-0652)** prejudice to re-file and **(CR-0653)** Final Judgment to show the Appellee's should have discovered the fraud of which they complain before the four-year statute limitations ran, timely filed suit and obtained service of Appellant.

**46.** Based upon the standard adoped by the Supreme Court, the limitations
35.

period to complain of fraud in the execution of the Deed of Gift ran on February, 24, 2002, four-years after the filing date of the Deed.

47. Appellee's failed to file their suit until more than four years after limitations had barred their claim that the Deed did not bear their signatures. They are barred from maintaining this claim as a MATTER OF LAW.

**Limitations Continued to Run Since Appellee's Failed to Exercise Diligence in Serving Appellant.**

48. The statute of limitations to complain of fraud in the execution of the Quit Claim Deed ran on May,20, 2008, again four years from the date on which the Quit Claim was filed.

49. Appellee's filed their suit seeking to set aside the Deeds on April 08, 2008, within the applicable four-year limitations period.

50. However, when the Appellee's filed their law suit within the limitations period but did not serve the Appellant until after the period expires, the filing of the suit alone does not interrupt the running of limitations. **Murray v. San Jacinto Agency, Inc. 800 S. W. 2d 826, 830 (Tex. 1990)** The Appellee's must exercise due diligence in the issuance and service of citation. **(Murray, supra 800 S. W. 2d at 830).**

51. Appellant Osbaldo A. Saenz Junior, is the son of Appellee Osbaldo A.

36.

Saenz Senior. Appellant's residence address was known and he was present in Starr County throughout the period following filing and answer in Appellee's law suit was the attempted intervention of third parties seeking to clear title to the property. Appellee's failed to exercise due diligence and limitations ran before Appellant Osbaldo A. Saenz Junior entered an appearance in this case.

52. It is the responsibility of the defendants to have obtained service. **Taylor v. Thommpson, 4 S. W. 3d 63 at 65 (Tex. App, Houston-[1ˢᵗ Dist.]). IN Vance v. Bell, 797 S. W. 2d 403 (Tex. App-Austin, 1990)** Appellants filed suit to set aside a partition deed claiming they had been fraudulently induced into signing the deed.

## DECLARATIVE ARGUMENT OF SEVEN DIFFERENT TRACTS INVOLVED WITHIN DEED OF GIFT RESERVING LIFE, & QUIT CLAIM DEED

1. Deed of Gift Reserving Life (CR-0028-0030, DC-12-520). A Conveyance to Appellant, from Appellee's, that involves seven (7) different Tracts of Real property Appellant has purchased within his life time. All of these

37.

seven tracts were reversed conveyed to Appellant by Appellee's on February, 01, 1998, reserving their life into the property leaving Appellant as a Remainder.

2. Quit Claim Deed (CR-0031, DC-12-520), referencing (CR-0028-0030, DC-12-520) Deed of Gift Reserving Life Appellee's conveyed by Quit Claiming onto appellant, all of their Life Reserved rights, title, and interest within the seven (7) Tracts involved in the Deed of Gift Reserving Life on May 20, 2004 in exchange for a Six point five acre property tract conveyance valued for a One Hundred Thousand $100,000.00 dollars Debt Appellee's owed Alejo Clarke. **(CR-0274-0281)** Appellee's utilize a family member as a Notary Public, and Appellee's respected Quit Claim Deed whereas Appellee's exchanged 6.5 acres for Appellee's Debt, whereas Appellant after Appellee's Quit Claimed their interest Appellant sold the

additional acreage to Mr. Clarke whereas Appellee's Respected the sell and released all of the tracts totaling 11.67 acres.

3. **As a Matter of Law,** Tracts One (1) through Four (4) within the subject (DC-12-520, CR-0028-0030)Deed of Gift Reserving Life and Quit Claimed by Appellee's to Appellant, being **Four (4) Tracts in, and out of the Seven (7) Tracts of Real Estate Property,** did not enter into litigation, nor were 38.

these properties litigated challenged by Appellee's, whereof

ERRONEOUSLY JUDGED (CR-0653-0654, considered Null and Void,

Canceling these Two instruments within the Chain of Title Appellee's

further Defrauding Appellant.

**4. As a Matter of Law (CR-0011-0031),** Tract Five (5)(CR-0028-0030),

*Involves all of Grantor's Right, Title, and interest in and to Survey 80,*

*Abstract No. 898* , Starr County, Texas. The interest herein conveyed being

an undivided 91.438 acres of land, more of less. Reference is herein made to

that Warranty Deed recorded at Volume 508, Page 637, Official Records of

Starr County, Texas.

**"The Title Chain" numerated**

**1. (CR-0012, DC-12-520) "A."** Ms. Ana Maria Valverde Saenz executed a

Deed of Gift conveying all her property interest to her Four (4) sons and

Three (3) daughters. The Deed f Gift was filed in Starr County under file

Number 112555 (CR-0018-0019, DC-12-520) and conveyed a total of Four

(4) tracts of land to her children. Only the First Tract is relevant to this suit.

The First Tract contained Six (6) Hundred Forty-Two and Three tenths

(642.3) acres lying in and forming part and portion of Survey No. Eighty

(80), Certificate 121, ACH & B and being particularly described by meets of
39.

bounds. (see deed CR-0018-0020).

**2. (CR-0012, DC-12-520) "B."** The 642.3 acres were gifted equally among the children, Pablo A. Saenz Junior, Ana Maria Saenz, Severiano Daniel Saenz, Osbaldo A. Saenz, Elalia Saenz Sanchez, Sabina Saenz Santoscoy, and Javier Saenz. Each child received approximately 91.757 acres in Survey No. Eighty (80) through this 1982 Gift Deed. (see deed CR-0018-0020).

**3. (CR-0012, DC-12-520) "C."** On or about April 5, 1988, Pablo A. Saenz Junior executed a Warranty Deed and conveyed his approximate 91 acres in and out of Survey No. Eighty (80) to Appellant Osbaldo A. Saenz Junior. (see deed CR-0021-0022, DC-12-520)

**4. (CR-0012, DC-12-520) "D."** On or About August 4, 1992, Appellant Osbaldo A. Saenz Junior conveyed the approximate 91 Acres he received from Pablo A. Saenz Junior to Appellee's Osbaldo A. Saenz Senior. (see

deed CR-0023-0024, DC-12-520).

**5. (CR-0013, DC-12-520) "E."** On or about May 2, 1985, Severiano Daniel Saenz conveyed his approximate 91 acres to Appellant Osbaldo A. Saenz Junior (see deed CR-0025-0026, DC-12-520).

**"Appellee's Conveyance Argument"**

Hereinabove provision number Four (# 4) **(CR-0012, DC-12-520) "D."**
40.

Appellant Osbaldo A. Saenz Junior intentions were to only convey 91 acres within deed **(CR-0021-0022, DC-12-520)** document 142663 and dated April 5, 1988 to Appellee's Osbaldo A. Saenz Senior, whereas Appellee's argue that conveyance took place stating within deed **(CR-0024, DC-12-520)** just above the signature execution, Appellant did not only convey ninety one (91) acres but whether Appellant's interest is greater of less than the interest acquired by me by and through the above referred to deed, it is my intention to convey the grantee Osbaldo A. Saenz Senior all of my right , title and interest in and to the above descried Survey No. 80., whereas Appellee's intentionally and knowingly re-convey to Appellant all of Appellee's RIGHTS, TITLE and INTEREST within Survey Eighty (80).**(see CR-0029, Tract Five, DC-12-520),** Tract Five "All of Grantor's right, title and interest in and to Survey No. 80, Abstract No. 898, Starr County, Texas ".

6. **(CR-0013, DC-12-520)** "F." On or about February 1, 1998 Appellee's Osbaldo A. Saenz Senior and Maria Estela Garza Saenz executed a Deed of Gift Reserving Life Estate to Appellant, Osbaldo A. Saenz Junior **(CR-0028-0030, DC-12-520)** The Deed of Gift conveyed seven tracts of land to Appellant Osbaldo A. Saenz Junior [For purposes of this action, only tract is 41.

material and relevant.] According to the Deed of Gift Reserving Life Estate, under "Fifth Tract", Appellee's Osbaldo A. Saenz Senior and Maria Estela Garza Saenz conveyed " All of Grantor's right, title and interest in and to Survey No. Eighty (80), Abstract 898, Starr County, Texas."

7. (CR-0013,DC-12-520) "G." On or about May 20, 2004, Appellee's Osbaldo A. Saenz Senior, and Maria Estela Garza Saenz executed a Quit Claim Deed in favor of Appellant Osbaldo A. Saenz Junior conveying their interest previously reserved under the 1998 Deed of Gift Reserving Life Estate. Appellee's Osbaldo A. Saenz Senior, and Maria Estela Garza Saenz reserved two tracts of land from the conveyance under the Quit Claim Deed; an 8.20 acre tract, and a 15 acre tract considered first and second phase. **(see CR-0031, DC-12-520).**

8. (CR-0013,DC-12-520) "H" Appellant Osbaldo A. Saenz Junior was recently told that he has no interest in the 642.3 acres that his late grand-mother left. Appellant was stunned and shaken to learn that has father, Appellee's Osbaldo A. Saenz Senior herein, is fighting his son for the land. Appellant has improved, enhanced, and enriched the land for over twenty (20) years.

9. (CR-0013, DC-12-520) "I" Appellant's Uncle, Severiano Daniel Saenz, 42.

conveyed the approximate 91 acres to Appellant in 1985 (CR-0025-0026).

Since this time, Appellant has worked on the land, improved the land, made

ingress and egress access roads, managed wild life, and invested significant

amounts of resources on the land.

**10. (CR-0014, DC-12-520) "J."** Just recently, Appellant's father, Appellee's

Osbaldo A. Saenz Senior, revealed to Appellant that he was going to fight to

kick Appellant off the land and argue that the 91 acres conveyed by

Appellan's Uncle Severiano Daniel Saenz in 1985 are no longer Appellant's.

Appellee's contends that the 1992 Warrant Deed from Appellant to

Appellee's obliterates interest in the land.

### APPELLANT'S ARGUMENT (CR-0014, DC-12-520)

**A.** Appellee's Osbaldo A. Saenz Senior received approximately

91.757 acres in and out of Survey No.80 from his mother Ana Maria

Valverde Saenz in 1982. Then Appellee's received another 91.757 acres

from his son, Appellant Osbaldo A. Saenz Junior, on August 4, 1992, out of

Survey No. 80; for a total of approximately 183.514 acres.

**B.** Now, Appellee's Osbaldo A. Saenz Senior is claiming and

demanding another 91.575 acres from Appellant Osbaldo A. Saenz Junior.

Appellee's argues and points to a 1992 Warranty Deed **(CR-0023-0024,**
**43.**

DC-12-520) wherein Appellant conveyed certian acres out of survey No. 80 to Appellee's Osbaldo A. Saenz Senior. In 1992, Appellant Osbaldo A. Saenz Junior owned a total of approximately 183.514 acres in Survey No. 80. Appellant decided to give approximately half of the acres to Appellee's Osbaldo A. Saenz Senior "Appellant's Father", Appellee's herein. Appellant's specific intent was to give the 91.438 acres Appellant Osbaldo A. Saenz Junior acquired from Mr. Pablo A. Saenz Junior. Thus, a Warranty Deed (CR-0023-0024, DC-12-520)was prepared with the specific reference made in paragraph three stating "Reference is made to that certain Deed from PABLO A. SAENZ JUNIOR… which Deed is dated April 5, 1988 and recorded in Volume 572, Page 403-404". Furthermore, the Deed specifically declares in th same paragraph: "It is the intention of the Grantor to grant and convey the interest acquired by Grantor Osbaldo A. Saenz Junior by and

through the above referred to Deed said Deed stating that the interest conveyed was an undivided 91.438 acres. "(Emphasis added by author) Therefore, Appellant's Osbaldo A. Saenz Junior specific intent was to convey only 91.438 acres to Appellee's." Appellee's, however, argues that the last paragraph of the Deed actually transfers all of Appellant's interest, the entire 183.514 acres. Appellee's points to the last paragraph which

44.

reads: "whether my interest is greater of less than the interest acquired by me by and through the above referred to Deed, it is my intention to convey to Grantee Osbaldo A. Saenz all of my right, title and interest in and to the above described Survey No. 80."

APPELLANT'S Osbaldo A. Saenz Junior's position, however, is that the words in the Deed must be interpreted in context of the rest of the Deed. In fact, under contract and real estate law, when general language conflicts with specific language, the specific language governs. The prevailing rule in Texas states that if general words are used in connection with specific words, the specific words generally follow the intention of the party with greater exactness, and accordingly the general terms thus used are to be regarded as limited by the specific words. Additionally, case law holds that if one interpretation would or could lead to an absurd result, and the other interpretation would avoid an absurd result, the interpretation that avoids a harsh, absurd, or unjust result should apply.

Thus, because specific references made throughout the (CR-0023-0024, DC-12-520)1992 Deed to the (CR-0021-0022, DC-12-520)1988 Deed from Mr. Pablo Saenz Junior, the general words in the last paragraph are to be restricted and limited as applying only to the (CR-0021, DC-12-520)

45.

1988 Deed referenced. Accordingly, the conveyances from Appellant to Appellee's pursuant to the 1992 Warranty Deed is only the 91.438 acres of Survey 80. Thus, the remaining approximate 91 acres are rightfully and legally Appellant's.

**C.** Additionally, the last paragraph Appellee's Osbaldo A. Saenz Senior cites to support his contention does not even specifically identify the Appellee's as the Grantee.

**D.** Arguing in the alternative, and employing Appellee's reasoning and logic, Appellant is actually entitled to the entire 275.271 acres of Survey No. 80. On May 20, 2004, Appellee's Osbaldo A. Saenz Senior, and his late wife Maria Estela Garza Saenz executed a Quit Claim Deed and Conveyed all of their property to Appellant except an 8.20 acre tract of land and a QUESTIONABLE 15 acre tract, or the amount in acreage would show on record second (2nd)phase is consisting of within El Sendero Perdido Subdivision, Rio Grande City, Texas 78582 **(CR-0031, DC-12-520). The** Deed of Gift Reserving Life **(CR-0028-0030, DC-12-520)** specifically states within Tract five, that Appellee's Conveyed **"ALL OF GRANTOR'S RIGHT, TITLE AND INTEREST IN AND TO SURVEY 80, and thereafter QUIT CLAIMED ON TO APPELLANT (CR-0031, DC-12-520).**

46.

Accordingly, because of this granting and agendum clause, the approximate 275.271 acres of Survey 80 are rightfully and legally Appellant's.

## PARTITION

**A.** This action is one for Partition under Chapter 23 of the Texas Property Code, and Rules 756 et seq., of the Texas Rules of Civil Procedure. Plaintiff has an interest in and to Survey No. 80, Abstract 898, Starr County, Texas. The Plaintiff is entitled to partition under Chapter 23 of the Texas Property Code, and seeks partition of the Property.

**B.** A survey is necessary for the equitable partition of the Property.

## THE FRIVOLOUS AND FRAUDULENT
## PORTION OF THE CASE

A. APPELLEE'S FILED FRIVOLOUS LIS PENDENS(CR-0636-0639) against Appellant's property whereof included Appellee's own portioned property reserved in Life Estate, that mainly affected all of the SUBDIVISION SOCIETY whom had priority purchased property from Both Appellant, and Appellee's (CR-0261, page 52, lines 16-18, **Q.** okay. Do you understand that the lis pendens that you filed affects the properties that had already been sold?, **A.** Yes.)(CR-0261, page 52, lines 22-25, **Q.** "by MS. Garza" do you know that the lis pendens you filed affects the title of 47.

these properties tht had already been sold?, **A.** Yes)(CR-0262, page 53, lines 1-13, **Q.** do you understand what that means?, **A.** yes., **Q.** and what is your understanding of what that means?, **A.** it means that those people that have already bought, to my understanding, is that those people that have already bought wouldn't be able to do anything because I have intervened, I have, you know, put liens on the properties that have already been sold., **Q.** Okay. and do you understanding that that could open you up to liability--, **A.** yes. **Q.** -- for doing that?, **A.** Yes.) creating a cloud on the sold property's that became a threat to Appellant and Appellant's property. (CR-0263, page 54, lines 1-25,

**Q.** and that's on those shares 31-A and --**A.** 31-A and-- **Q.** --8-D? **A.** Yes. 8-D., **Q.** Okay. And did you have a problem signing this release? **A.** I also hesitated on this., **Q.** Okay. **A.** but idid it because my father was requesting that I do it., **Q.** Have you had any other requests to release other properties **A.** No., **Q.** Okay. Is it your testimony that your lawyer has never advised you that my clients have asked for you to release the properties?. **A.** Yes., **Q.** So your lawyer has never told you that we requested a release?, **A.** Yes., **Q.** Yes. He did tell you or no, he didn't tell you?. **A.** Yes, he did tell me. **Q.** Okay. And what was your response to that?, **A.** No., **Q.** and why is that?. (CR-0264, page 55, lines 1-15, **A.** Because I want to take this to Court. **Q.** do

48.

you understand that my clients have filed a slander-of-title-cause-of-action against you?. **A.** I don't know what you mean. I don't know what that is., MS. GARZA: Margil, do you want to take some time to talk to her? MR.SANCHEZ: No. That's all right. She doesn't understand, she doesn't understand., **Q.** "by Ms.Garza, So just so I'm, clear, it is your testimony here today that you have deliberately signed a notice of lis pendens that you knowingly executed and filed which you know affects the title to property that has already been sold to third parties that are not part of this lawsuit? **A.** Yes.)

**B.** APPELLEE OSBALDO A. SAENZ SENIOR "SWORN AFFIDAVIT"(CR-0766-00709) a family reunion conspiring to trespass title for the Extortion of Funds by Fraud, involved are as follow;

**1st Act of aggravated perjury within
Appellee's Sworn Affidavit (CR-0766)**

1. Appellee Osbaldo A. Saenz Senior acting as the security for the party with an intent of committing Extortion and Fraud, after a ten (10)year Exhausted statue limitation filing a Lis Pendens, when Appellee's had no Grounds nor Bases for such claim. **(CR-0707, 2nd paragraph)** Appellee Osbaldo A. Saenz Senior being advised in Saenz Senior deposition to lead avoiding errors, **(CR- 0310, line 12-25,& CR-0311 lines 49.**

1-11) L.12-Ms. Salmon, This is phase, no, that's in phase three. L.14 Mr. Sanchez, No, not this. L.15 I've got to object. L. 16 The witness, I'm going to find out which one it is. L18 Mr. Sanchez, Hold on. Hold on. Go ahead with the objection. L.20 The witness has got another witness in the case explaining about, while they are asking questions about the document and I object to the witness speaking t anyone or hearing from anyone while he's examining the document. L25 Mr. Sanchez, she's not a witness, she's a CR-0311 L 1. party in the case. She has a right to be present. L 2. Mr. Scheff, She does have a right to be present. L 4. Mr. Looney, I don't have an objection to her being present. L6. Mr. Scheff, how ever, she does not have a right to confer with the witness during his deposition. L 7. Mr. Sanchez, She has a right to read the exhibit. I agree she has no right to confer with him. L10. So you can read it with him, but don't talk to him.

APPELLEE IS BEING ADVISED TO LEAD WITHOUT ERROR PERJURING HIMSELF NUMEROUSLY. (CR-0354, lines3-16) Q. Have you heard who signed Exhibit No.2? Has anybody told you who signed your signature on Exhibit No. 2? L6. A. I -- L7. Mr. Sanchez, Don't. L8. No. L9. (by Mr. Looney) Q. do you have any evidence indicating that Mr. Saenz Junior signed your signature? L11. A No. L 12. Q. Do you have any 50.

evidence that Mr. Saenz, Junior caused anybody else to sign your signature? L 14. A. No. L 15. Q. I'm sorry? L 16. A. No.

## 2nd Act of Aggravated Perjury

## within Appellee's Sworn Affidavit. (CR-0707, 2nd paragraph)

Appellee's allege Appellant Forging Appellee's Signature in the presence of three (3) different Notary Public on three (3) different occasions as follow; **A. (CR-0759-0761),** Deed of Gift Reserving Life, and Notarized by Notary Public Ana Delia Guerra and reflect to **(CR-0355, Lines2-12)** Q. L.2, Do you have any evidence of any kind indicating that Mr. Saenz Junior had anything to do with your signature falsely appearing on either one of those documents? L.5, A . No. L.6, I'm Sorry? L. 7, A. No. L. 8, Q. Do you have any; do you have knowledge of any legal documents anywhere in this world that Mr. Saenz, Junior has caused to be signed untruthfully? L.11. A.

well, like I said, that life estate I never was aware of that. **(CR-0349, lines 2-7)** L. 2. A. Not lawyers. I think it was written out of him. He was out ther putting time and we got, we got the first phase developed, We started to sell some lf the lots and we had a good sale. I wasn't going to be able to do anything because he had filed a life estate.**(CR-0348, lines 14-23)** Q. Has Mr. Saenz Junior ever forged your wife's signature? L.16. A. Not that I

51.

know of. L. 17. Q. Has Mr. Saenz, Junior ever forged your signature? L. 18. A. Not that I know of , but I wouldn't doubt it. L. 19. Q. Has Mr. Saenz, Junior ever asked anybody to forge anything that you know of ? L. 21. A. Don't know. L. 22. Q. I'm sorry? L. 23. A. No.

**B.(CR-0762)(CR-0329, Lines 10-23)Q.** (by Mr. Looney) do you know Maria Pena? L11, Mr. Sanchez, its Maria Pena. L12, Mr. Looney, okay. Maria Megdalena Pena. L.13, Mr. Sanchez, Right. L.14 (shakes head) L. 15, (by Mr. Looney) is that a yes or no?

L.16 A. no, I don't know her. L. 17, Q. you don't know her? L. 18, A. No, sir. L. 19, Q. okay. Do you have any explanations wht she would notarize a document claiming to be your signature if it was not your signature? Do you know why she would do that? L. 22, A. I suppose she was around at the time I signed the signature.

**B.(CR-0762)C.(CR- 0162-0165)** Forged Appellee's signature as excused to the Extortion For the Fraudulent claims.

2. Esther A. S. Salmon as a Trustee for the Osbaldo A. Saenz Senior, and Maria Estela G. Saenz Trust as a Fraudulent Tool for Extortion and Fraud.

52.

**3.** Notary Public Eva B. Saenz an indirect Beneficiary through matrimony community property aid and abet Extortion and Fraud.

**4.** Atty. Margil Sanchez Jr. as the advisor and Organizer to enhanced a criminal activity inducing Extortion and Fraud utilizing a Family member Notary Public hereinabove, and knowingly and intentionally this property is in litigation, Attorney approved the sell, escorted the purchaser , Seller, parties and prepared the Property sells Deed, Attorney Margil Sanchez Jr. shielded himself for the security of extortion of money with a clause inserted thereafter acknowledgement stating, " THIS INSTRUMENT WAS PREPARED BASED ON INFORMATION FURNISHED BY THE PARTIES AND NO INDEPENDENT TITLE SEARCH  HAS BEEN MADE. CLIENTS HAVE BEEN ADVISED THAT A TITLE SEARCH AND SURVEY SHOULD BE DONE BUT CLIENTS HAVE INSTRUCTED THE PREPARATION AS IS".

**C.** APPELLEE'S SELLING APPELLANT'S PROPERTY IN LITIGATION WITH OUT THE COURTS  PERMISSION (CR-0640-0643, & Other property's in litigation with Appellant &  recorded the Starr County Clerk' s Office, example recorded document # 00309188 & 5 more totaling 0ver $120,000.00 ).
53.

**D.** APPELLEE'S DEFRAUDED PROPERTY PURCHASERS (CR-0262, page 53, lines 1-13 without a full conveyance and without The Trials Court permission because of these property's in litigation)

**E.** APPELLEE'S DEFRAUDED PROPERTY OWNER "REMAINDER" FROM THE PROPERTY'S SOLD BY APPELLEE'S. (CR-0242, lines 2-8) L2. Q. the monies that you have collected, have any of those come from properties that are the subject of any type of a business relationship between your father and Mr. Saenz Junior? L6. A. My father. L7. Q did they have to do with these subdivisions? L8. A. Yes. (CR-0242, Lines 18-25) L18. Q. so you have taken monies that are the subject of some type of a business interaction between your parents or at least one parent? L21. A. Uh-huh. L22. And your brother Mr. Saenz, Junior? L23. A. Uh-huh. L24. Q. and you spent that money on taxes? L25. Uh-huh. (CR-0243, lines 1-19) L1. Q. on the home in which they live? L2. A. Yes. L3 . Q. on medical bills? L4. A. Yes. L5 on any thing else? L6. A. No. L7. Q. is anyof that money still left in a bank account? L8. A. No. L9. Q. you used it all? L10. A. Uh-huh. (CR-0244, lines 18-23) L18. Q how much money was that? L19. A. $20,000. L20. Q. So is it a total of $34 or a total of $34 plus $20? [meaning

54.

$34,000.00 + $20,000.00]

L21.A. $34 plus $20. L22. Q. So it's $54 total. L23. A. Uh-huh.

**F.** The Trust Beneficiary's were defrauded. (CR-0246, lines 1-11) L1. Q. Given Who? L2. A. My father. L3. Q. okay. How much did you give your father? L4. A. I have given my father a total of I believe it's $30. L6. Q. Okay. L7. A. $30,000. L8. Q so of that money he got $30,000? L9. A. Uh-huh. L10. Q. and you took $24,000? L11. A. Uh-huh.

**G. Appellee's did not report taxes to Internal Revenue Service, nor all entity's Appellee's had and currently been receiving Federal & State Governmental Benefits.**

**3.** May 29, 2006, Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saenz, Executed a Trust as "The Osbaldo A. Saenz Senior, and Maria Estela G. Saenz Trust", and a Trust Agreement.

## APPELLEE'S ACTON OF INTENT
## TO COMMIT FRAUD & FRAUD

**4.** On that same day of May 29, 2006, created a Trust in the name of Osbaldo A. Saenz Sr. and Maria Estela G. Saenz Trust, Appellee's conveyed all of their own separated interest of real property, and included **re-**
**55.**

**conveyed** Tract six (6), and Seven (7) within Deed of Gift Reserving Life, that had already been conveyed to Appellant without Appellant **reverse conveying Tracts Six (6), and Seven (7)** , or correcting the conveyance **Excluding Tracts Six (6), and Seven (7)**, or Quit Claiming **Tracts Six (6), and Seven (7)**, or simply straight conveying **Tracts Six (6), and Seven (7)**, from Appellant on to the Appellee's Osbaldo A. Saenz Senior, and Maria Estela G. Saenz Trust.

### Prayer

Appellant prays this Appellate Court to reason with the abundance of evidence produced by Appellant that the malicious behavior of Appellee's actions to claim others property's without having the grounds nor bases for such law suit or claims is beyond the limit of statute of limitation, and barred Estopel by Deed, and Estopel by laches, thereafter Appellee's filing non-suit. Appellant prays the court reasons that the Appellee's claim is

beyond the scope of time for such claim, besides a claim without receipts, title, or documentation Appellant did not grant Appellee's for a reasonable claim. Appellant prays that the Trial Court Judgment is Amended by voiding and nullifying Trial Courts Judgment. Appellant prays Appellant is Granted by Deed Appellant's property tracts one through five within Deed of Gift 56.

Reserving Life that was not litigated nor claimed by Appellee's whereas Erroneously Judged correcting the defrauded judgment against Appellant. Appellant prays for the refund of the property's sold by Appellee's that defrauded the purchasers for the lacking of Appellant's signature consummating a full conveyance. Appellant prays this Honorable reasons by JUDGING the property reserved from conveyance that " Second Phase on Record only consists of Two point Five (2.5) acres and not Fifteen (15) acres ". Appellant prays Appellant is refunded from the year of April 14, 2008 to the present for a frivolous law suit six year term period. Appellant prays Appellant is granted the punitive damages of one point five million for the addition malicious behavior Appellant tried to settle with Appellee's on several occasions through law mediation, settlement agreements, and other alternative dispute resolutions that Appellee's would not reason to a bona-fide agreement of either kind. Appellant prays to this Honorable that since Appellant has then, and currently holds possession of all property's involved within Appellant's Deed of Gift Reserving Life be Granted relief Appellant continues to Hold Possession to Appellant's own Property and treat it as his own.

Respectfully Submitted,

Appellant Pro Se, Osbaldo A. Saenz Jr.

57.

P.O. Box 474
Mission, Texas 78573
(956) 438 - 4387

## CERTIFICATE OF COMPLIANCE

**I certify that these proceedings have been in compliance utilizing Tex.**

**R. Civ. P. 38.1 (a-j) &(k)(1)(A).**

Pro Se Appellant Osbaldo A. Saenz Jr.
P.O. Box 474
Mission, Tx 78573
(956) 438-4387

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Brief has this date 06/14/2014 been delivered to Attorney Margil Sanchez Jr., and Attorney Lori P. Perez has been delivered U. S. Postal Service via certified mail as stated herein below.

Atty. Margil Sanchez Jr.    ------------------ Certified Mail receipt #
208 N. Britton Ave.    ------------- 7011 0110 0002 4871 1486
Rio Grand City, Texas 78582                                           58.

(956) 487- 7575 off.
(956) 487 - 8491 fax

Atty. Lori P. Perez          ------------------- Certified Mail receipt #
200 W. Water St.             -------------- 7011 0110 0002 4871 1479
Rio Grande City, Texas 78582
(956) 488 - 0122 off.
(956) 716 - 6448 fax

                    Respectfully Submitted,


Appellant Pro Se, Osbaldo A. Saenz Jr.
                    P. O. Box 474
                    Mission, Texas 78573
                    (956) 438 - 4387

59.

No. 04-14-00033-CV
COMPANION CASE
NO. DC-11-242, DC-12-520
MERGED CONSOLIDATED

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

OSBALDO A. SAENZ JUNIOR

VS.
OSBALDO A. SAENZ SENIOR
MARIA ESTELA G. SAENZ TRUST
THROUGH ITS TRUSTEE
ESTHER A. S. SALMON

On appeal from the 229th Judicial District Court, Starr County, Texas
The Honorable Ana Lisa Garza, Judge Presiding

APPENDIX

1. ORDER ON TEMPORARY RESTRAINING ORDER --- TAB A

# TAB "A"

## CAUSE NUMBER: DC-12-520

| | | |
|---|---|---|
| OSBALDO A SAENZ, JR. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 229TH JUDICIAL DISTRICT |
| | § | |
| OSBALDO A. SAENZ SR., | § | |
| Individually, and The OSBALDO A. | § | |
| SAENZ SR. and MARIA ESTELA G. | § | |
| SAENZ TRUST | § | |
| Defendants. | § | OF STARR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On _____, 2012, the Application for a Temporary Restraining Order of

OSBALDO SAENZ, JR, Plaintiff herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of

counsel at the hearing, IT CLEARLY APPEARS:

A.      That unless OSBALDO SAENZ, SR., Defendant, is immediately restrained from

changing the locks of the property and from interfering with Plaintiff's use and enjoyment

of his property in Survey No. 80, Abstract No. 898, Starr County, Texas, that OSBALDO

SAENZ, SR. will commit the foregoing before notice and a hearing on Plaintiff's

Application for Temporary Injunction.

B.      Plaintiff will suffer irreparable harm if OSBALDO SAENZ, SR. is not

restrained immediately and there is no adequate remedy at law to grant Plaintiff complete,

final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that OSBALDO

SAENZ, SR., Defendant herein, and all of Defendant's officers, agents, servants, employees,

agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and

0056

desist from changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on January 15, 2013 at 9:80 A.M. Defendant OSBALDO SAENZ, SR. and the OSBALDO A. SAENZ, SR and MARIA ESTELA G. SAENZ TRUST is commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $ 500.00 S. B. in conformity with the law.

SIGNED and ENTERED on December 19, 2012 at 10:36 A. M.

FILED
AT 9:45 O'CLOCK A M
DEC 2 7 2012
ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY _____ DEPUTY

_____
PRESIDING JUDGE

0057

| OSBALDO A SAENZ, JR. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 229ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| OSBALDO A. SAENZ SR., | § | |
| Individually, and The OSBALDO A. | § | |
| SAENZ SR. and MARIA ESTELA G. | § | |
| SAENZ TRUST | § | |
| Defendants. | § | OF STARR COUNTY, TEXAS |

**FILED**
AT 12:22 O'CLOCK P M
DEC 1 0 2012
ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY _____ DEPUTY

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES OSBALDO A. SAENZ, JR, Plaintiff herein, and files this Plaintiff's Application for Temporary Restraining Order and Temporary and Permanent Injunction against OSBALDO A SAENZ, SR., Individually and The OSBALDO A SAENZ, SR. and MARIA ESTELA G. SAENZ TRUST Defendants herein, and in support thereof, shows the court the following:

### PARTIES AND SERVICE

1.  Plaintiff, OSBALDO SAENZ, JR, is an Individual.

2.  Defendant OSBALDO SAENZ, SR., an Individual who is a resident of Texas, may be served by and through his attorney, MARGIL SANCHEZ. Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

3.  The subject matter in controversy is within the jurisdictional limits of this court.

0036

4. This court has jurisdiction over the parties because Defendant is a Texas resident.

5. Venue in Starr County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

6. On or about February 1, 1998, Defendant, Osbaldo A. Saenz, Sr. and Maria Estela Garza Saenz executed a Deed of Gift Reserving Life Estate to Plaintiff, Osbaldo A Saenz, Jr. (Exhibit 1) The Deed of Gift conveyed seven tracts of land to Plaintiff, Osbaldo A. Saenz, Jr. [For purposes of this application, however, only Tract Five is material and relevant.] Tract Five contains arguably 275.271 acres in Survey No. 80, Abstract No. 898, Starr County, Texas. According to said Deed, Defendant Osbaldo A. Saenz, Sr. and the late Maria Estela Garza Saenz conveyed all their interest in Survey No. 80, Abstract No. 898, Starr County, Texas to Plaintiff.

7. Furthermore, on May 20, 2004, Defendant conveyed outright his entire interest of these 275.271 acres in Survey No. 80, Abstract 898, Starr County, Texas, by way of a Quit Claim Deed to Plaintiff. (Exhibit 2)

8. Moreover, Plaintiff is the record owner of approximately 91 acres in Survey No. 80, Abstract No. 898, Starr County, Texas, by way of Deed dated May 2, 1985. (See Exhibit 3)

9. Notwithstanding these apparent, obvious, and recorded Deeds, Defendant and Defendant's Trustee have recently obstructed, interfered, and restricted Plaintiff's use and enjoyment of his property in Survey No. 80, Abstract No. 898, Starr County, Texas. Defendant and his agent have grossly impeded Plaintiff's right to his property by calling the local and state authorities and trying to remove Plaintiff and/or Plaintiff's family and friends from the property.

0037

10. Unless OSBALDO SAENZ, SR., Defendant herein, and his agents, servants, and successors are immediately enjoined and restrained, Defendant and his agents, servants, and successors will continue obstructing, disturbing, and interfering with Plaintiff's quite use and enjoyment of his property in Survey No. 80, Abstract No. 898, Starr County, Texas.

## ELEMENTS FOR INJUNCTIVE RELIEF

11. In light of the above described facts, Plaintiff seeks recovery from Defendants and thus filed suit for Declaratory Judgment.

12. Plaintiff is likely to succeed on the merits of this lawsuit because of the recorded and authenticated conveyances.

13. Unless this Honorable Court immediately restrains the Defendant, and his agents, servant, and successors, the Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete, final and equal relief. More specifically, Plaintiff will show the court that many of his items that were once located on this property have been stolen; and some cows have also been killed and the remains dumped on his property. Furthermore, Plaintiff will show that Defendant threaten and physically assaulted Plaintiff's friend by using Defendant's vehicle to pin the gentleman inside a deer-blind.

A. The harm to Plaintiff is imminent because Defendant and Defendant's agent have stated that they will immediately change to locks to the property and prevent Plaintiff from accessing his lands.

B. This imminent harm will cause Plaintiff irreparable injury.

C. There is no adequate remedy at law which will give Plaintiff complete, final and equal relief.

0038

## BOND

14. Plaintiff is willing to post a reasonable temporary restraining order bond and requests the court to set such bond.

## REMEDY

15. Plaintiff has met Plaintiff's burden by establishing each element which must be present before injunctive relief can be granted by this court, therefore Plaintiff is entitled to the requested temporary restraining order.

16. Plaintiff requests the court to restrain Defendant and Defendant's agents, servants, and successors from changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas.

17. It is essential that the court immediately and temporarily restrain OSBALDO SAENZ, SR., Defendant and Defendant's agents, servants, and employees, from changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas. It is essential that the court act immediately, prior to giving notice to Defendant and a hearing on the matter.

18. In order to preserve the status quo during the pendency of this action, Plaintiff requests that the Defendant be temporarily enjoined from changing the locks of the property and interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas.

19. On final trial on the merits, that the Court permanently enjoin OSBALDO SAENZ, SR., Defendant herein, and his agents, servants, employees, and successors from changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas.

0039

## PRAYER

WHEREFORE, PREMISES CONSIDERED, OSBALDO SAENZ, JR, Plaintiff herein, respectfully prays that:

A. OSBALDO SAENZ, SR., Defendant, will be cited to appear and answer herein;

B. A temporary restraining order will issue without notice to OSBALDO SAENZ, SR., Defendant, restraining Defendant, Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys from directly or indirectly changing the locks of the property and interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas.

C. The Court sets a reasonable bond for the temporary restraining order;

D. After notice and hearing, a temporary injunction will issue enjoining and restraining OSBALDO SAENZ, SR., Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas.

E. After trial on the merits, the Court permanently enjoin OSBALDO SAENZ, SR., Defendant, Defendant's officers, agents, servants, employees, successors and assigns, and attorneys from directly or indirectly changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas.

F. For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

0040

Respectfully submitted,

HILL & JIMENEZ LLC
Attorneys and Counselors
815 East Ferguson Avenue
Pharr, Texas   78577
Tel. (956) 702-3355
Fax. (956) 702-3399

By: _____
ORLANDO JIMENEZ
Texas Bar No. 24044784
Attorney for Plaintiff
OSBALDO SAENZ, JR

# EXHIBIT 1

VOL 0799 PAGE 584

# OFFICIAL RECORDS

195456

## DEED OF GIFT RESERVING LIFE ESTATE

THE STATE OF TEXAS
COUNTY OF STARR

Date:

Grantor: Osbaldo A. Saenz, Sr. and Maria Estela Garza Saenz

Mailing Address: 810 W. Water St., Rio Grande City, Texas 78582

Grantees: Osbaldo A. Saenz, Jr.

Grantees Mailing Address: P.O. Box 269, San Isidro, Texas 78588

Consideration: The love and affection which we hold for our beloved son

Property:
FIRST TRACT: Lots Numbered One (1), Sixteen (16) and Seventeen (17), Block Four (4) of the Santa Cruz No. Two (2) Subdivision in the West One-Half (W/2) of Porcion Eighty-Three (83), Abstract No. 130, Camargo Jurisdiction, now Starr County, Texas, a map of said Santa Cruz No. 2 Subdivision being recorded in Volume 2, Page 207 of the Map and Plat Records of Starr County, Texas in the office of the County Clerk of Starr County, Texas, and reference is here made to said map or plat and the same is made a part hereof.

SAVE AND EXCEPT herefrom the North Five (5') feet of said Lot 16 and the South Line of which North Five (5') feet is parallel to and Five (5') feet excepted herefrom as and for an Easement dedicated to the public for the installation and laying and erecting water lines, electric lines, telephone line, gas lines and all other utility line of every kind.

SECOND TRACT: Lot No. Three (3) of Block Four (4) of the Santa Cruz No. Two (2) Subdivision in the West One-Half (W/2) of Porcion No. Eighty-Three (83); Abstract No. 130, Camargo Jurisdiction, a map or plat of said Santa Cruz No. 2 Subdivision being recorded in Volume 2, Page 207 of the Map or Plat Records of Starr County, Texas in the office of the County Clerk of Starr County, Texas, and reference is here made to said map or plat and the same is made a part hereof.

SAVE AND EXCEPT the South Five (5') feet of said Lot 3 the North Line of which is parallel to and Five (5') feet North of the south Line of said Lot No. 3, and the South 5 feet of said Lot No 3 being hereby excepted herefrom and dedicated to the public as a public alley way and to be used for the laying of utility lines of every kind.

THIRD TRACT: Lot 3, Block 4, El Chaparral Subdivision Unit No. 1, Amended being out of 23.83 acres out the East Half (E/2) of Porcion Numbered 83, Camargo Jurisdiction, now Starr County, Texas; said subdivision recorded at Volume 1, Page 193 of the Map and Plat Records, Starr County, Texas.

FOURTH TRACT: Lot No. Eighteen (18) of Block Four (4) of the Santa Cruz No. Two (2) Subdivision in the West One-Half (W ½) of Porcion No. Eighty-three (83), Abstract 130, Camargo Jurisdiction, a map or plat of said Santa Cruz No. 2 Subdivision being recorded in Volume 2, Page 207 of the Map of Plat Records of Starr County, Texas in the office of the County Clerk of Starr County, Texas,

0043

and reference is here made to said map or plat and same is made a part hereof.

SAVE AND EXCEPT the North Ten (10') feet of said Lot No. 18 and the South Line of which is parallel to and Ten (10') feet South of the North Lien of said Lot No. 18 said North 10 feet of said Lot No.18 being hereby excepted herefrom and dedicated to the public as a public alley and for the laying of utility lines of every kind.

FIFTH TRACT: All of Grantor's right, title and interest in and to Survey No. 80, Abstract No. 898, Starr County, Texas.

The interest herein conveyed being an undivided 91.438 acres of land, more or less. Reference is herein made to that Warranty Deed recorded at Volume 508, Page 637, Official Records of Starr County, Texas.

SIXTH TRACT: The Surface only to Share No. 8-D, containing 53.02 acres of land lying divided in and out of Porcion No. 77, Camargo Jurisdiction, Starr County, Texas.

SEVENTH TRACT: The Surface only to Share NO. 31-A, containing 34.86 acres of land lying divided in and out of Porcion 77, Camargo Jurisdiction, Starr County, Texas.

Reservations from and Exceptions to Conveyance:

For Grantor and Grantor's assigns, a reservation of the full possession, benefit, use, rents, revenues, and profits of the property for the remainder of Grantor's life. Grantor retains complete power, without the joinder of any person, to mortgage, sell, transfer, assign, and convey the property; to lease and let the property, including the right to execute and deliver oil, gas and mineral leases for any term of years ending either before or after Grantor's death; and to invest and reinvest all proceeds from the sale or other disposition of the property. This life estate carries with it the right to possess and consume all bonuses, delay rentals, royalties, and other benefits payable under oil and gas leases covering the property, but it does not include the right to consume, invade, or in any way transfer the principal or corpus of the property subject to the life estate.

Easements, right-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property, taxes for current year, the payment of which grantee assumes.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance, grants, gives, and conveys to Grantees the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantees, Grantees heirs, executors, administrators, successors or assigns forever.

When the context requires, singular nouns and pronouns include the plural.

The preparer of this document has prepared this document based on information provided to him by Grantor and Grantee. Preparer has made no research into the title to the property, nor on the ad valorem taxes which may be due thereon, and he does not make any representations regarding the same.

0044

VOL 0799 PAGE 586

_Osbaldo A. Saenz, Sr._

_Maria Estela Garza Saenz_

STATE OF TEXAS

COUNTY OF

THIS INSTRUMENT WAS ACKNOWLEDGED BEFORE ME this the ___1st___ day of
___February___, 1998 by Osbaldo A. Saenz, Sr. and Maria Estela Garza Saenz.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

ANNA DELIA GUERRA
MY COMMISSION EXPIRES
July 21, 2000

195456

FILED FOR RECORD

'93 FEB 24   AM 11 30

CO.
STARR COUNTY TEXAS

# EXHIBIT 2

238439

OFFICIAL RECORDS

1002-753

12

Date: May 20, 2004

Grantor: OSBALDO A. SAENZ SR. AND [...]

Grantor's Mailing Address:     Osbaldo A. Saenz Sr. [...]
810 West Water Street
Rio Grande City, Texas [...]

Grantee:    OSBALDO A. SAENZ JR.

Grantee's Mailing Address:    Osbaldo A. Saenz Jr.
P. O. Box 152
Rio Grande City, Texas 78582

Consideration: Ten Dollars and other valuable consideration:

Property (including any improvements):     ALL OF OUR INTEREST [...]
RESERVING ESTATE [...]
DOCUMENT NUMBER [...]455 [...] DATED [...]
RECORD FEBRUARY 1, [...]

Reservations and Exception from Conveyance eight point twenty (8.20) acres, along with fifteen (15.00) acres of land considered the first and second Phase of El Sendero Perdido Subdivision, Rio Grande City, Texas 78582. Whereas Mercedez National Bank is considered the lien holder until otherwise released by receipt.

Grantor, for the consideration and subject to the reservations from conveyance and the exceptions to conveyance, conveys to Grantee any right title and interest, if any, in and to the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever, without express or implied warranty. All warranties that might arise by common law as well as the warranties in section 5.023 of the Texas Property Code (or its successor) are excluded.

Grantor;     Osbaldo A. Saenz Sr.

Grantor;     Maria Estela Garza Saenz

THE STATE OF TEXAS
COUNTY OF STARR
On this _20_ day of _May_ 2004, personally appeared, and known to me to be Osbaldo A. Saenz Sr. to be the person in this foregoing instrument to be true in fact.

NOTARY PUBLIC, FOR THE STATE OF TEXAS

THE STATE OF TEXAS
COUNTY OF STARR
On this _20_ day of _May_ 2004, personally appeared before me, and known to me to be Maria Estela Garza Saenz to be the person in the foregoing instrument to be true in fact

NOTARY PUBLIC, FOR THE STATE OF TEXAS

238439

FILED FOR RECORD

'04 MAY 21 PM 12 31

DENNIS GONZALEZ
COUNTY CLERK
STARR COUNTY

Maria Magdalena Pena
My Commission Expires
October 30, 2007

I CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL
FILED IN MY OFFICE
Dennis Gonzalez, County Clerk
Starr County
BY_____
DATE_____

FILED
AT 4:11 O'CLOCK P M.

JAN 14 2009

DENNIS D. GONZALEZ
COUNTY CLERK STARR CO., TX
BY_____ DEPUTY

0047

# EXHIBIT 3

0048

127269 **NOTICE**

Prepared by the State Bar of Texas for use by Lawyers only. Reviewed 1-1-76. To select the proper form, fill in blank spaces, strike out form provisions or insert special terms constitutes the practice of law. No "standard form" can meet all requirements.

# WARRANTY DEED

OFFICIAL RECORDS

THE STATE OF TEXAS

COUNTY OF STARR } KNOW ALL MEN BY THESE PRESENTS:

That Severiano Daniel Saenz, not joined herein by my wife for the reason that the hereinafter described premises is my separate property and estate and does not form any part or portion of our homestead, address;408 W.Main,RGC, of the County of Starr and State of Texas for and in

consideration of the sum of Ten and no/100------------------------------------

($10.00) ------------------------------------------ DOLLARS

and other valuable consideration to the undersigned paid by the grantee herein named, the receipt of

which is hereby acknowledged, out of his separate property and estate,

have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto

Osbaldo A.Saenz,Jr.whose address is 202 Roosevelt Street, Rio Grande City, Texas, as his separate property and estate, of the County of Starr and State of Texas , all of

the following described real property in Starr County, Texas, to-wit:

All of Grantor's right, title and interest in and to Survey No. 80, Abstract No. 898, Starr County, Texas.

The interest herein conveyed being an undivided 91.438 acres of land, more or less, as acquired by me through inheritance from my deceased father and mother Pablo A. Saenz and Anita V. Saenz, both deceased.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging, unto the said grantee . my heirs and assigns forever; and I do hereby bind myself my heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said grantee . my heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

EXECUTED this 2nd day of May , A.D. 19 85

Severiano Daniel Saenz

VOL 0 PAGE

0049

(Acknowledgment)

THE STATE OF TEXAS
COUNTY OF     Starr     }

Before me, the undersigned authority, on this day personally appeared     Severiano Daniel Saenz

known to me to be the person............ whose name..is.......... subscribed to the foregoing instrument, and acknowledged to me that.......he....... executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the     2nd     day of     May     , A.D. 19  85

Notary Public in and for     Starr     County, Texas.

My commission expires...........9/24/88................, 19........

San Juana M. Saenz

(Printed or stamped name of notary)

127269

---

(Acknowledgment)

THE STATE OF TEXAS
COUNTY OF                        }

Before me, the undersigned authority, on this day personally appeared

known to me to be the person............ whose name................... subscribed to the foregoing instrument and acknowledged to me that........ he........ executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the          day of          , A.D. 19

Notary Public in and for                        County, Texas.

My commission expires.........................................., 19........

(Printed or stamped name of notary)

FILED FOR RECORD
at 1:15 o'clock A.M

MAY 7 1985

JUAN J. MILLS
COUNTY CLERK, STARR COUNTY

---

WARRANTY DEED

SEVERIANO DANIEL SAENZ

TO

OSBALDO A. SAENZ

PREPARED IN THE LAW OFFICE OF:

PLEASE RETURN TO:

---

(Corporate Acknowledgment)

THE STATE OF TEXAS
COUNTY OF                        }

Before me, the undersigned authority, on this day personally appeared

of

a corporation, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, in the capacity therein stated and as the act and deed of said corporation.

Given under my hand and seal of office on this the          day of          , A.D. 19

Notary Public in and for                        County, Texas.

My commission expires .........................................., 19........

(Printed or stamped name of notary)

## VERIFICATION

STATE OF TEXAS           §
                                      §

COUNTY OF STARR       §

BEFORE ME, the undersigned authority, personally appeared OSBALDO SAENZ, JR, who, on oath, stated that the statements made in the foregoing Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction are true and correct.

_____
OSBALDO SAENZ, JR

SUBSCRIBED AND SWORN TO BEFORE ME on this the ____6th____ day of ___December___, 2012, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

ADRIANA JIMENEZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
02-17-2015

0051

CAUSE NUMBER: DC-12-520

AT 12:27 FILED O'CLOCK P M

| | | |
|---|---|---|
| OSBALDO A. SAENZ, JR. | § | IN THE DISTRICT COURT DEC 1 0 2012 |
| Plaintiff, | § | |
| | § | ELOY R. GARCIA |
| V. | § | 229TH JUDICIAL DISTRICT CLERK STARR CO. TX |
| | § | |
| OSBALDO A. SAENZ SR., | § | |
| Individually, and The OSBALDO A. | § | |
| SAENZ SR. and MARIA ESTELA G. | § | |
| SAENZ TRUST | § | |
| Defendants. | § | OF STARR COUNTY, TEXAS |

## AFFIDAVIT IN SUPPORT OF
## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

BEFORE ME, the undersigned authority, personally appeared OSBALDO SAENZ, JR, who being duly sworn, deposed as follows:

"My name is OSBALDO SAENZ, JR. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

"Back on May 2, 1985, I purchased approximately 91 acres from my uncle Serveriano Saenz in Survey No. 80, Abstract No. 898, Starr County, Texas. Then on February 1, 1998, my parents, Osbalado A. Saenz, Sr. and Maria Estela Garza Saenz gave me their interest in Survey No. 80, Abstract No. 898, Starr County, Texas. However, they reserved a Life Estate into this property at that time. Then, on May 20, 2004, my parents no longer wanted to retain a Life Estate and so they Deeded me the entire property in Survey No. 80, Abstract No. 898 without restriction. I have helped out my mom and dad for all these years by giving them money, property, and taking real good care of them. That is part of the reason why they decided to give me the land.

I have always worked on the land, improved it, negotiated several oil leases on it, and

0052

maintained it. Everything was perfect; until recently. I found out that my dad was using my property to store and house illegal aliens and I confronted him with this information. My dad was upset and since then he has been on an attack against me. The sad thing is that he has involved my sisters and brothers and has torn the family apart.

Now, my dad and my sister, the Trustee of the Trust, have been seriously interfering with my land and calling the authorities to try to kick me off my land. Also, I have periodically allowed my uncle, nephew, and friends to hunt on my property and my dad and my sister have tried to remove them by calling the police. In fact, my dad threatened and physically assaulted a good friend of mine that was hunting.

Also, they have been telling people that they are going to kick me out of my property and change the locks.

I am respectfully requesting a Temporary Restraining Order to keep them from doing all these horrible things. This is my property and I have all the necessary Deeds in my name. Please put a stop to this and stop my dad and all his people from changing my lock and interfering with my land.

"Further affiant sayeth not."

OSBALDO SAENZ, JR

**SUBSCRIBED AND SWORN TO BEFORE ME** on _December 6, 2012_, by

Osbaldo Saenz Jr

Notary Public, State of Texas

ADRIANA JIMENEZ
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 02-17-2015

0053

CAUSE NUMBER: DC-12-520

| | | |
|---|---|---|
| OSBALDO A SAENZ, JR. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 229TH JUDICIAL DISTRICT |
| | § | |
| OSBALDO A. SAENZ SR., | § | |
| Individually, and The OSBALDO A. | § | |
| SAENZ SR. and MARIA ESTELA G. | § | |
| SAENZ TRUST | § | |
| Defendants. | § | OF STARR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER

On _____, 2012, the Application for a Temporary Restraining Order of OSBALDO SAENZ, JR, Plaintiff herein, was heard before this court.

Based upon the pleadings, records, documents filed by counsel, and the arguments of counsel at the hearing, IT CLEARLY APPEARS:

A.    That unless OSBALDO SAENZ, SR., Defendant, is immediately restrained from changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his property in Survey No. 80, Abstract No. 898, Starr County, Texas, that OSBALDO SAENZ, SR. will commit the foregoing before notice and a hearing on Plaintiff's Application for Temporary Injunction.

B.    Plaintiff will suffer irreparable harm if OSBALDO SAENZ, SR. is not restrained immediately and there is no adequate remedy at law to grant Plaintiff complete, final and equal relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that OSBALDO SAENZ, SR., Defendant herein, and all of Defendant's officers, agents, servants, employees, agents, servants, successors and assigns, and attorneys are ORDERED to immediately cease and

0054

desist from changing the locks of the property and from interfering with Plaintiff's use and enjoyment of his land in Survey No. 80, Abstract No. 898, Starr County, Texas from the date of entry of this order until fourteen (14) days thereafter, or until further order of this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Application for Temporary Injunction be heard on _____at _____ A.M. Defendant OSBALDO SAENZ, SR. and the OSBALDO A. SAENZ, SR and MARIA ESTELA G. SAENZ TRUST is commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendants.

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order upon the filing by Plaintiff of the bond hereinafter set.

This order shall not be effective until Plaintiff deposits with the Clerk, a bond in the amount of $_____ in conformity with the law.

SIGNED and ENTERED on _____ at _____ ___.M.

_____
PRESIDING JUDGE

0055